# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF  GEORGIA
ATHENS DIVISION

FN HERSTAL, S.A.,                    )
                                     )
            Plaintiff,               )
                                     )  CIVIL ACTION FILE NO.:
       v.                            )  3:12-cv-00102-CAR
                                     )
CLYDE ARMORY, INC.,                  )
                                     )
            Defendant.               )
                                     )
_____      )

### PLAINTIFF, FN HERSTAL, S.A.'S RESPONSES TO DEFENDANT CLYDE ARMORY, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure and by agreement of counsel, the Plaintiff, FN Herstal, S.A. hereby answers and objects to DEFENDANT  CLYDE ARMORY, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS, Nos. 1 through 22, as follows:

### GENERAL OBJECTIONS AND OBJECTIONS TO DEFINITIONS

1.   Plaintiff objects to Defendant's requests to the extent they impose any duty on Plaintiff inconsistent with, or beyond that specified in the Federal Rules and Civil Procedure.

2.   The Plaintiff objects to those Requests which seek admissions relating to undefined terms as being vague, confusing, ambiguous and indefinite, and as not reasonably calculated to lead to admissible evidence.

1

3.    The Plaintiff objects to those Requests which refer to the application of legal principles to hypothetical facts or legal statements, on the basis that such Requests are argumentative in nature, often contain incomplete statements or statements out of context, contain multiple or conclusionary statements, and are calculated to convey unfair inferences even if fairly answered or which otherwise would require undue analysis or explanation beyond that required under the Rules.

4.    The Plaintiff objects to the compound form of those Requests which do not address a single discrete fact or issue and contain multiple elements, as being inconsistent with the Rules and exceeding the permissible scope of Federal Rule of Civil Procedure No. 36.

5.    Plaintiff objects to the requests to the extent that they seek legal conclusions.  For example, under some requests Plaintiff is essentially being requested to interpret laws unrelated to the trademark laws or interpret contract restrictions and then interpret whether certain activities or conduct may have been permissible, as well as to further interpret whether authorizations or approvals or consent was properly obtained from governmental authorities for supposed activities.  Under these circumstances the Plaintiff is being required to make multiple interpretations of laws or contractual requirements and then interpret other events or otherwise make

impermissible assumptions as to certain approvals or authorizations as being necessary.

6.    The Plaintiff objects to the form of those Requests which lack specificity as to information sought which is not ascertainable merely by examination of the Request as being vague and indefinite concerning which specific document or piece of information Defendant is relying upon or what is being requested, such that the Plaintiff has insufficient specific information to permit it to admit or deny the Request.

7.    The Plaintiff objects to those Requests where the Plaintiff is required to consider unknown or unspecified information about other third parties.  The Plaintiff objects to any requests requiring the search of the files of third parties or about the knowledge of third parties.  The Plaintiff is not required to search independent, third parties' records under the Federal Rules.  Plaintiff is only able to respond with information known or reasonably available and must limit its admissions or denials based upon said information.

8.    Plaintiff further objects to the entire set of Requests on the basis that the Requests would pertain to records, at times, extended back in time over a lengthy time period and which are no longer accessible.  In requesting the examination of such records, the Requests are further, at times, overly broad, burdensome and oppressive in applying to this virtually unlimited time period which would cause Plaintiff to have to peruse a

multitude of records. Some of the Requests are also irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff objects to the Requests to Admit insofar as they request admission of historical events, time periods and files for which the Plaintiff either has no records or insufficient information which would permit it to admit or deny a particular Request or which otherwise requires an extensive search, analysis or explanation beyond that required under the Rules.

9. Plaintiff bases its responses upon its present knowledge (a) without conceding relevancy or materiality of any requests, (b) without prejudice to Plaintiff's right to object to further discovery or proof of the subject matter, and (c) incorporates its general objections into each RESPONSE.

Plaintiff reserves the right to change or supplement a response should it appear to be incomplete or incorrect, or if additional information should become available.

## RESPONSES TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1

Admit that United States Special Operations Command (USSOCOM) Joint Operational Requirements Document (JORD), referred to in Doc. Nos. CA00133-CA00138, used the term SCAR as an abbreviation or acronym for "SOF Combat Assault Rifle."

RESPONSE:

    Plaintiff objects to the request as seeking irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.

    Plaintiff objects to the request as seeking knowledge on why a third party may have used a term in a document created by that third party. Specifically Plaintiff would be unable to know why the United States Special Operations Command (USSOCOM) may, at times, have used a term within a document.

    Plaintiff objects to the request as it is compound and Requests for Admissions should not be compound, but clearly seek an answer to a discreet determined question. The request at issue is compound in stating whether or not something would be "an abbreviation or acronym" and the inclusion of the word "or" causes the questions to be compound.

    Plaintiff objects to the request in that the document speaks for itself and that as the Plaintiff was not the author of the asserted document the Defendant can draw its own conclusions as to what the document says and whether something was used as an abbreviation or an acronym within the document.

    Plaintiff objects to responding with any information concerning the document at issue as the document and its contents are not publicly available documents, and as previously stated in prior objections to document requests and as the Plaintiff notified Defendant's counsel by letter on December 23, 2013 in

response to the request by Plaintiff, SOCOM advised in a recent
communication that the Plaintiff is not authorized based upon
National Defense concerns to release the USSOCOM Joint
Operational Requirements Document (JORD) or disclose its contents
and that the Plaintiff is only authorized to release the
information in publicly available documents.  As such and based
upon present requirements the Plaintiff is unable to respond
further to this request based upon the understanding within a
recently received communication from SOCOM which resulted from
the Defendant requesting the Plaintiff to seek authorization from
USSOCOM for the release of documents or the information contained
therein to Defendant.

REQUEST FOR ADMISSION NO. 2

Admit that United States Special Operations Command (USSOCOM)
Joint Operational Requirements Document (JORD), referred to in
Doc. Nos. CA00133-CA00138, used the terms SCAR, SCAR-L and SCAR-
H.

RESPONSE:

    Plaintiff objects to the request as seeking irrelevant
information which is not reasonably calculated to lead to the
discovery of admissible evidence.

    Plaintiff objects to the request as seeking knowledge on why
a third party may have used a term in a document created by that
third party.  Specifically Plaintiff would be unable to know why
the United States Special Operations Command (USSOCOM) may have
used a term within a document.

Plaintiff objects to the request in that the document speaks for itself and that as the Plaintiff was not the author of the document the Defendant can draw its own conclusions as to what the document says and whether something was used and whether certain terms may appear within the document.

Plaintiff objects to responding with any information concerning the document at issue as the document and its contents are not publicly available documents, and as previously stated in prior objections to document requests and as the Plaintiff notified Defendant's counsel by letter on December 23, 2013 in response to the request by Plaintiff, SOCOM advised in a recent communication that the Plaintiff is not authorized based upon National Defense concerns to release the USSOCOM Joint Operational Requirements Document (JORD) or disclose its contents and that the Plaintiff is only authorized to release the information in publicly available documents. As such and based upon present requirements the Plaintiff is unable to respond further to this request based upon the understanding within a recently received communication from SOCOM which resulted from the Defendant requesting the Plaintiff to seek authorization from USSOCOM for the release of documents or the information contained therein to Defendant.

7

REQUEST FOR ADMISSION NO. 3

Admit that the "SCAR Sources Sought Announcement," which was placed on FedBizOps.gov referred to in Doc. Nos. CA00133-CA00138, used the term SCAR as an abbreviation or acronym for "SOF Combat Assault Rifle."

RESPONSE:

Plaintiff objects to the request as seeking irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to the request as seeking knowledge on why a third party may have used a term in a document created by that third party. Specifically Plaintiff would be unable to know why the United States Special Operations Command (USSOCOM) may have used a term within a document.

Plaintiff objects to the request in that the document speaks for itself and that as the Plaintiff was not the author of the document the Defendant can draw its own conclusions as to what the document says and whether something was used and an abbreviation or an acronym within the document.

Without a waiver of any of its objections and to the best of its knowledge it is known that governmental bodies within documents often use abbreviations, such as the United States Special Operations Command using the abbreviation USSOCOM (as shown in the Defendant's request) and the term SCAR could at times be an abbreviation or acronym (or type of abbreviation or acronym, since an abbreviation of the first letter of each word

8

for the subject matters shown would give rise to the
abbreviations SOFCAR or USSOCOMSOFCAR) for various wording,
including potential "SOF Combat Assault Rifle" with may other
abbreviations being possible and based upon this understanding
the allegation would be admitted.

REQUEST FOR ADMISSION NO. 4

Admit that the "SCAR Sources Sought Announcement," referred to in
Doc. Nos. CA00133-CA00138, used the terms SCAR, SCAR-L, SCAR-
Light, SCAR-H, and SCAR-Heavy.

RESPONSE:

Plaintiff objects to the request as seeking irrelevant
information which is not reasonably calculated to lead to the
discovery of admissible evidence.

Plaintiff objects to the request as seeking knowledge on why
a third party may have used a term in a document created by that
third party.  Specifically Plaintiff would be unable to know why
the United States Special Operations Command (USSOCOM) may have
used a term within a document.

Plaintiff objects to the request in that the document speaks
for itself and that as the Plaintiff was not the author of the
document the Defendant can draw its own conclusions as to what
the document says and whether something was used and an
abbreviation or an acronym within the document.

Without a waiver of any of its objections and to the best of
its knowledge it is known that governmental bodies within
documents often use abbreviations, such as the United States

9

Special Operations Command using the abbreviation USSOCOM (as shown in the Defendant's request) and the term SCAR could at times be an abbreviation or acronym (or type of abbreviation or acronym, since an abbreviation of the first letter of each word for the subject matters shown would give rise to the abbreviations SOFCAR or USSOCOMSOFCAR) for various wording, including potential "SOF Combat Assault Rifle" with may other abbreviations being possible and based upon this understanding the allegation would be admitted.

REQUEST FOR ADMISSION NO. 5

Admit that the "SCAR Solicitation" dated January 24, 2005, referred to in Doc. Nos. CA00133-CA00138, used the term SCAR as an abbreviation or acronym for "SOF Combat Assault Rifle."

RESPONSE:

Plaintiff objects to the request as seeking irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to the request as seeking knowledge on why a third party may have used a term in a document created by that third party. Specifically Plaintiff would be unable to know why the United States Special Operations Command (USSOCOM) may, at times have used a term within a document.

Plaintiff objects to the request as it is compound and Requests for Admissions should not be compound, but clearly seek an answer to a discreet determined question. The request at issue is compound in stating whether or not something would be

10

"an abbreviation or acronym" and the inclusion of the word "or" causes the question to be compound.

Plaintiff objects to the request in that the document speaks for itself and that as the Plaintiff was not the author of the document the Defendant can draw its own conclusions as to what the document says and whether something was used as an abbreviation or an acronym within the document.

Plaintiff objects to responding with any information concerning the document at issue as the document and its contents are not publicly available documents, and as previously stated in prior objections to document requests and as the Plaintiff notified Defendant's counsel by letter on December 23, 2013 in response to the request by Plaintiff, SOCOM advised in a recent communication that the Plaintiff is not authorized based upon National Defense concerns to release nonpublic documents or disclose the contents of such documents and specifically that the Plaintiff is only authorized to release the information in publicly available documents.  As such and based upon present requirements the Plaintiff is unable to respond further to this request based upon the understanding within a recently received communication from SOCOM which resulted from the Defendant requesting the Plaintiff to seek authorization from USSOCOM for the release of documents or the information contained therein to Defendant.

Plaintiff at present is unable to locate the referenced document and the Defendant was also unable to provide said document to the Plaintiff. The document is over nine (9) years old and has not been located. Based upon the foregoing the Plaintiff after reasonable inquiry has insufficient knowledge from which to form a belief as to what appears within the document and at present must deny the allegation. Should Plaintiff or Defendant locate the document then Plaintiff offers to supplement this response to the extent that Plaintiff is permitted to comment under legal requirements.

REQUEST FOR ADMISSION NO. 6

Admit that the "SCAR Solicitation" dated January 24, 2005, referred to in Doc. Nos. CA00133-CA00138, used the terms SCAR, SCAR-L, SCAR-Light, SCAR-H, and SCAR-Heavy.

RESPONSE:

Plaintiff objects to the request as seeking irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to the request as seeking knowledge on why a third party may have used a term in a document created by that third party. Specifically Plaintiff would be unable to know why the United States Special Operations Command (USSOCOM) may, at times have used a term within a document.

Plaintiff objects to the request as it is compound and Requests for Admissions should not be compound, but clearly seek an answer to a discreet determined question. The request at

12

issue is compound in stating whether or not something would be "an abbreviation or acronym" and the inclusion of the word "or" causes the question to be compound.

Plaintiff objects to the request in that the document speaks for itself and that as the Plaintiff was not the author of the document the Defendant can draw its own conclusions as to what the document says and whether something was used as an abbreviation or an acronym within the document.

Plaintiff objects to responding with any information concerning the document at issue as the document and its contents are not publicly available documents, and as previously stated in prior objections to document requests and as the Plaintiff notified Defendant's counsel by letter on December 23, 2013 in response to the request by Plaintiff, SOCOM advised in a recent communication that the Plaintiff is not authorized based upon National Defense concerns to release nonpublic documents or disclose the contents of such documents and specifically that the Plaintiff is only authorized to release the information in publicly available documents.  As such and based upon present requirements the Plaintiff is unable to respond further to this request based upon the understanding within a recently received communication from SOCOM which resulted from the Defendant requesting the Plaintiff to seek authorization from USSOCOM for the release of documents or the information contained therein to Defendant.

Plaintiff at present is unable to locate the referenced document and the Defendant was also unable to provide said document to the Plaintiff. The document is over nine (9) years old and has not been located. Based upon the foregoing the Plaintiff after reasonable inquiry has insufficient knowledge from which to form a belief as to what appears within the document and at present must deny the allegation. Should Plaintiff or Defendant locate the document then Plaintiff offers to supplement this response to the extent that Plaintiff is permitted to comment under legal requirements.

REQUEST FOR ADMISSION NO. 7

Admit that manufacturers other than FN submitted rifle entries in the United States Special Operations Command (USSOCOM) Special Operations Forces (SOF) Combat Assault Rifle (SCAR) Program.

RESPONSE:

Plaintiff objects to the request as being vague, argumentative and assuming facts not of record. For instance, it is unclear specifically what is meant by that "manufacturers other than FN submitted rifle entries." Does that mean submitted bids on the manufacturing of a product or does it mean something further beyond bids with regard to "submitted rifle entries"? Without clarification the answer is ambiguous and unclear.

Without a waiver of any of its objections the Plaintiff to the best of its understanding admits that other manufacturers attempted to secure the contract and subject to this understanding the request is admitted.

14

REQUEST FOR ADMISSION NO. 8

Admit that there is a likelihood of confusion between Clyde Armory's use of SCAR-Stock as a trademark for replacement rifle stocks and FN's use of SCAR as a trademark for rifles and related accessories.

RESPONSE:

Plaintiff objects to the request in that it could be construed as argumentative. Apparently the request seeks an argumentative admission that by listing the Defendant's mark and then the Plaintiff's mark that somehow the Plaintiff is causing the likelihood of confusion. For clarification the Plaintiff admits as alleged in the Complaint that the use of the marks at issue give rise to a likelihood of confusion.

REQUEST FOR ADMISSION NO. 9

Admit that in 2006, prospective purchasers of FN rifles would be aware that, as used by FN, SCAR was an abbreviation for "Special Operations Forces (SOF) Combat Assault Rifle."

RESPONSE:

Plaintiff objects to the request as being vague and incomprehensible and all inclusive of what possibly prospective purchasers might be aware about and specifically whether it was possible that among the abbreviations for Special Operations Forces Combat Assault Rifle that SCAR could be considered an abbreviation or, among the multitude of potential abbreviations that might be potentially used, such as SOFCAR, etc.

Plaintiff further objects to the wording of the question as being vague and argumentative. For instance, the statement that

15

"as used by FN, SCAR was an abbreviation for 'Special Operations Forces (SOF) Combat Assault Rifle'", as for instance, does this assume that use by FN, even if that use was as a possible abbreviation would be understood as used solely as an abbreviation and not as also being an FN trademark.

Without a waiver of any of its objections and to the best of its knowledge, Plaintiff has insufficient information from which to form a belief as to what and which prospective purchasers in 2006 would have considered on whether the trademark involved might be some sort of abbreviation or acronym for the identified phrase or among the possible abbreviations or acronyms for said phrase and Plaintiff admits that some prospective purchasers could have considered the mark to be some sort of abbreviation or acronym for the underlying phrase or potentially other similar phrases.

REQUEST FOR ADMISSION NO. 10

Admit that the Indefinite Delivery Indefinite Quantity (IDIQ) contract referred to in Doc. Nos. CA00133-CA00138 expressly included the clauses specified in 48 C.F.R. § 5652.204-9003.

RESPONSE:

Plaintiff objects to the request as seeking irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to the request in that the document speaks for itself and that as the Plaintiff was not the author of the document the Defendant can draw its own conclusions as to what

16

the document says and whether something was stated expressly within the document.

Plaintiff objects to responding with any information concerning the document at issue as the document and its contents are not publicly available documents, and as previously stated in prior objections to document requests and as the Plaintiff notified Defendant's counsel by letter on December 23, 2013 in response to the request by Plaintiff, SOCOM advised in a recent communication that the Plaintiff is not authorized based upon National Defense concerns to release nonpublic documents or disclose the contents of such documents and specifically that the Plaintiff is only authorized to release the information in publicly available documents.  As such and based upon present requirements the Plaintiff is unable to respond further to this request based upon the understanding within a recently received communication from SOCOM which resulted from the Defendant requesting the Plaintiff to seek authorization from USSOCOM for the release of documents or the information contained therein to Defendant.

Plaintiff at present is unable to locate the referenced document and the Defendant was also unable to provide said document to the Plaintiff.  The document is over ten (10) years old and has not been located.  Based upon the foregoing the Plaintiff after reasonable inquiry has insufficient knowledge for which to form a belief as to what appears within the document and

at present must deny the allegation.  Should Plaintiff or

Defendant locate the document then Plaintiff offers to supplement

this response to the extent that Plaintiff is permitted to

comment under legal requirements.


REQUEST FOR ADMISSION NO. 11

Admit that FN did not have authorization prior to October 2006
from United States Special Operations Command (USSOCOM) to
release unclassified information pertaining to the Indefinite
Delivery Indefinite Quantity (IDIQ) contract referred to in Doc.
Nos. CA00133-CA00138.

RESPONSE:

     Plaintiff objects to the request as seeking irrelevant

information which is not reasonably calculated to lead to the

discovery of admissible evidence.

     Plaintiff objects to the request as calling for legal

conclusions as to what would be required to have "authorization"

on unclassified information.

     Plaintiff objects to the request as assuming facts not of

record.  Specifically the request assumes that supposed

authorization was necessary for releasing "unclassified"

information.  Seemingly the request presents a tautology in that

if we assume that information is unclassified then it would

seemingly not require any authorization for release.

Furthermore, the request assumes facts not of record that

something was released that should not have been released and

that required prior authorizations were necessary for release.

It is known that as of the time period involved there were public

18

disclosures and the request would have us assume that the release of information included something confidential that was not already public.  Furthermore, the request is objectionable as assuming that the Indefinite Delivery Indefinite Quantity (IDIQ) document expressly included the clauses specified in 48 C.F.R. § 5652.204-9003, which document as indicated in the prior response has not at this point been located for review, so it cannot be determined whether this document contained these restrictions.

Plaintiff objects to responding with any information concerning the document at issue as the document and its contents are not publicly available documents, and as previously stated in prior objections to document requests and as the Plaintiff notified Defendant's counsel by letter on December 23, 2013 in response to the request by Plaintiff, SOCOM advised in a recent communication that the Plaintiff is not authorized based upon National Defense concerns to release nonpublic documents or disclose the contents of such documents and specifically that the Plaintiff is only authorized to release the information in publicly available documents.  As such and based upon present requirements the Plaintiff is unable to respond further to this request based upon the understanding within a recently received communication from SOCOM which resulted from the Defendant requesting the Plaintiff to seek authorization from USSOCOM for the release of documents or the information contained therein to Defendant.

Plaintiff at present is unable to locate the referenced document and the Defendant was also unable to provide said document to the Plaintiff. The document is over ten (10) years old and has not been located. Based upon the foregoing the Plaintiff after reasonable inquiry has insufficient knowledge for which to form a belief as to what appears within the document and at present must deny the allegation. Should Plaintiff or Defendant locate the document then Plaintiff offers to supplement this response to the extent that Plaintiff is permitted to comment under legal requirements.

REQUEST FOR ADMISSION NO. 12

Admit that FN did not have authorization prior to October 2006 from United States Special Operations Command (USSOCOM) to release unclassified information pertaining to the SCAR Program.

RESPONSE:

Plaintiff objects to the request as seeking irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to the request as calling for legal conclusions as to what would be required to have "authorization" on unclassified information.

Plaintiff objects to the request as assuming facts not of record. Specifically the request assumes that supposed authorization was necessary for releasing "unclassified" information. Seemingly the request presents a tautology in that

if we assume that information is unclassified then it would seemingly not require any authorizations were necessary for release. Furthermore, the request assumes facts not of record that something was released that should not have been released and that required prior authorization for release. It is known that as of the time period involved there were public disclosures and the request would have us assume that the release of information included something confidential that was not already public.

Plaintiff objects to the request to the extent that it seeks legal conclusions. For example, under the request Plaintiff is essentially being requested to interpret laws unrelated to the trademark laws or interpret contract restrictions and then interpret whether certain activities or conduct may have been permissible, as well as to further interpret whether authorizations or approvals or consent was properly obtained from governmental authorities for which supposed activities. Under these circumstances the Plaintiff is being required to make multiple interpretations of laws or contractual requirements and then interpret other events or otherwise make impermissible assumptions as to certain approvals or authorizations as being necessary.

Plaintiff objects in view of the length of time period during which this request would extend back until and as such the request is objectionable as being burdensome and unduly

oppressive in nature, requiring extensive searching and investigation of records that extend over many years.

Furthermore the question is objectionable as it becomes improperly compound and/or, in that it assumes facts not proven or that are disputed, for instance interpreting that a statute or legal restrictions apply, the conduct comes under such legal requirements, that waivers did not occur from possible governmental public disclosures or otherwise, that authorizations or consents were necessary, and interpreting what constituted such authorizations or consents.

Such information is objectionable and would call for improper attorney speculation or conjecture, as well as requiring Plaintiff to guess at what future events might occur.

Without a waiver of any of its objections the Plaintiff denies violating any referenced restrictions or not having any proper authorizations for actions to the extent that any such conduct required the same.

## REQUEST FOR ADMISSION NO. 13

Admit that FN did not have authorization prior to October 2006 from United States Special Operations Command (USSOCOM) to release information associating USSOCOM or Special Operation Forces (SOF) with FN's SCAR rifle.

## RESPONSE:

Plaintiff objects to the request as seeking irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.

22

Plaintiff objects to the request as calling for legal conclusions as to what would be required to have "authorization" on unclassified information.

Plaintiff objects to the request as assuming facts not of record. Specifically the request assumes that supposed authorization was necessary for releasing "unclassified" information. Seemingly the request presents a tautology in that if we assume that information is unclassified then it would seemingly not require any authorizations were necessary for release. Furthermore, the request assumes facts not of record that something was released that should not have been released and that required prior authorization for release. It is known that as of the time period involved there were public disclosures and the request would have us assume that the release of supposed information was about the association of FN to the asserted program. It is known from publicly available from SOCOM that such an association was already a matter of the public record.

Plaintiff objects in view of the length of time period during which this request would extend back until and as such the request is objectionable as being burdensome and unduly oppressive in nature, requiring extensive searching and investigation of records that extend over many years.

Furthermore the question is objectionable as it becomes improperly compound and/or, in that it assumes facts not proven or that are disputed, for instance interpreting that a statute or

legal restrictions apply, the conduct comes under such legal requirements, that waivers did not occur from possible governmental public disclosures or otherwise, that authorizations or consents were necessary, and interpreting what constituted such authorizations or consents.

Such information is objectionable and would call for improper attorney speculation or conjecture, as well as requiring Plaintiff to guess at what future events might occur.

Without a waiver of any of its objections the Plaintiff denies violating any referenced restrictions or not having any proper authorizations for actions to the extent that any such conduct required the same.

REQUEST FOR ADMISSION NO. 14

Admit that FN did not have authorization prior to October 2006 from United States Special Operations Command (USSOCOM) to release information associating USSOCOM or Special Operation Forces (SOF) with the SCAR acquisition program.

RESPONSE:

Plaintiff objects to the request as seeking irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to the request as calling for legal conclusions as to what would be required to have "authorization" on unclassified information.

Plaintiff objects to the request as assuming facts not of record.  Specifically the request assumes that supposed

24

authorization was necessary for releasing "unclassified" information.  Seemingly the request presents a tautology in that if we assume that information is unclassified then it would seemingly not require any authorizations were necessary for release.  Furthermore, the request assumes facts not of record that something was released that should not have been released and that required prior authorization for release.  It is known that as of the time period involved there were public disclosures and the request would have us assume that the release of supposed information was about the association of FN to the asserted program. It is known from publicly available from SOCOM that such an association was already a matter of the public record.

Plaintiff objects in view of the length of time period during which this request would extend back until and as such the request is objectionable as being burdensome and unduly oppressive in nature, requiring extensive searching and investigation of records that extend over many years.

Furthermore the question is objectionable as it becomes improperly compound and/or, in that it assumes facts not proven or that are disputed, for instance interpreting that a statute or legal restrictions apply, the conduct comes under such legal requirements, that waivers did not occur from possible governmental public disclosures or otherwise, that authorizations or consents were necessary, and interpreting what constituted such authorizations or consents.

25

Such information is objectionable and would call for improper attorney speculation or conjecture, as well as requiring Plaintiff to guess at what future events might occur.

Without a waiver of any of its objections the Plaintiff denies violating any referenced restrictions or not having any proper authorizations for actions to the extent that any such conduct required the same.

REQUEST FOR ADMISSION NO. 15

Admit that FN did not have authorization prior to October 2006 from United States Special Operations Command (USSOCOM) to release information associating USSOCOM or Special Operation Forces (SOF) with the Indefinite Delivery Indefinite Quantity (IDIQ) contract referred to in Doc. Nos. CA00133-CA00138.

RESPONSE:

Plaintiff objects to the request as seeking irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to the request as calling for legal conclusions as to what would be required to have "authorization" on unclassified information.

Plaintiff objects to the request as assuming facts not of record.  Specifically the request assumes that supposed authorization was necessary for releasing "unclassified" information.  Seemingly the request presents a tautology in that if we assume that information is unclassified then it would seemingly not require any authorizations were necessary for release.  Furthermore, the request assumes facts not of record

26

that something was released that should not have been released
and that required prior authorization for release.  It is known
that as of the time period involved there were public disclosures
and the request would have us assume that the release of supposed
information was about the association of FN to the asserted
program. It is known from publicly available from SOCOM that such
an association was already a matter of the public record.
Furthermore, the request is objectionable as assuming that the
Indefinite Delivery Indefinite Quantity (IDIQ) document expressly
included the clauses specified in 48 C.F.R. § 5652.204-9003,
which document as indicated in the prior response has not at this
point been located for review, so it cannot be determined whether
this document contained these restrictions.

Plaintiff objects to responding with any information
concerning the document at issue as the document and its contents
are not publicly available documents, and as previously stated in
prior objections to document requests and as the Plaintiff
notified Defendant's counsel by letter on December 23, 2013 in
response to the request by Plaintiff, SOCOM advised in a recent
communication that the Plaintiff is not authorized based upon
National Defense concerns to release nonpublic documents or
disclose the contents of such documents and specifically that the
Plaintiff is only authorized to release the information in
publicly available documents.  As such and based upon present
requirements the Plaintiff is unable to respond further to this

27

request based upon the understanding within a recently received communication from SOCOM which resulted from the Defendant requesting the Plaintiff to seek authorization from USSOCOM for the release of documents or the information contained therein to Defendant.

Plaintiff objects in view of the length of time period during which this request would extend back until and as such the request is objectionable as being burdensome and unduly oppressive in nature, requiring extensive searching and investigation of records that extend over many years.

Furthermore the question is objectionable as it becomes improperly compound and/or, in that it assumes facts not proven or that are disputed, for instance interpreting that a statute or legal restrictions apply, the conduct comes under such legal requirements, that waivers did not occur from possible governmental public disclosures or otherwise, that authorizations or consents were necessary, and interpreting what constituted such authorizations or consents.

Such information is objectionable and would call for improper attorney speculation or conjecture, as well as requiring Plaintiff to guess at what future events might occur.

Plaintiff at present is unable to locate the referenced document and the Defendant was also unable to provide said document to the Plaintiff. The document is over ten (10) years old and has not been located. Based upon the foregoing the

28

Plaintiff after reasonable inquiry has insufficient knowledge from which to form a belief as to what appears within the document and at present must deny the allegation. Should Plaintiff or Defendant locate the document then Plaintiff offers to supplement this response.

REQUEST FOR ADMISSION NO. 16

Admit that the Indefinite Delivery Indefinite Quantity (IDIQ) contract referred to in Doc. Nos. CA00133-CA00138 included an acknowledgement by FN that Title 18 U.S.C. Section 701 specifically prohibits the use of the USSOCOM emblem or logo in any medium unless authorized in writing by USSOCOM.

RESPONSE:

Plaintiff objects to the request as seeking irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.

The request is objectionable as assuming that the Indefinite Delivery Indefinite Quantity (IDIQ) document expressly included the clause specified in the request, which document as indicated in the prior responses has not at this point been located for review, so it cannot be determined whether this document contained such restrictions.

Plaintiff objects to responding with any information concerning the document at issue as the document and its contents are not publicly available documents, and as previously stated in prior objections to document requests and as the Plaintiff notified Defendant's counsel by letter on December 23, 2013 in response to the request by Plaintiff, SOCOM advised in a recent

29

communication that the Plaintiff is not authorized based upon National Defense concerns to release nonpublic documents or disclose the contents of such documents and specifically that the Plaintiff is only authorized to release the information in publicly available documents.  As such and based upon present requirements the Plaintiff is unable to respond further to this request based upon the understanding within a recently received communication from SOCOM which resulted from the Defendant requesting the Plaintiff to seek authorization from USSOCOM for the release of documents or the information contained therein to Defendant.

Plaintiff objects in view of the length of time period during which this request would extend back until and as such the request is objectionable as being burdensome and unduly oppressive in nature, requiring extensive searching and investigation of records that extend over many years.

Furthermore the question is objectionable as it becomes improperly compound and/or, in that it assumes facts not proven or that are disputed, for instance interpreting that a statute or legal restrictions apply, the conduct comes under such legal requirements, that waivers did not occur from possible governmental public disclosures or otherwise, that authorizations or consents were necessary, and interpreting what constituted such authorizations or consents.

30

Such information is objectionable and would call for improper attorney speculation or conjecture, as well as requiring Plaintiff to guess at what future events might occur.

Plaintiff at present is unable to locate the referenced document and the Defendant was also unable to provide said document to the Plaintiff. The document is over ten (10) years old and has not been located. Based upon the foregoing the Plaintiff after reasonable inquiry has insufficient knowledge for which to form a belief as to what appears within the document and at present must deny the allegation. Should Plaintiff or Defendant locate the document then Plaintiff offers to supplement this response to the extent that Plaintiff is permitted to comment under legal requirements.

REQUEST FOR ADMISSION NO. 17

Admit that FN did not have authorization in writing from USSOCOM to use the USSOCOM emblem or logo for marketing its SCAR rifle prior to October 2006.

RESPONSE:

Plaintiff objects to the request as seeking irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to the request as calling for legal conclusions as to what would be required to have said "authorization". Furthermore additional legal conclusions would be required as to interpreting the statute involved or legal restrictions, whether actions involved required any

31

authorizations or approvals and what would constitute such
approvals or authorization, should such have been necessary.

Plaintiff objects to the request as assuming facts not of
record. Specifically the request assumes that supposed
authorization in writing is necessary for the use of the USSOCOM
emblem or logo for marketing the Herstal SCAR brand rifles.

Furthermore, the request is objectionable as assuming facts
not of record which are also incorrect facts and specifically
that the USSOCOM emblem or logo was used on Plaintiff's SCAR
brand rifles.

Plaintiff further objects that as noted repeatedly to
Defendant's counsel, SOCOM has advised in a recent communication
with Plaintiff that only publicly available information may be
released and Plaintiff is thereby presently unable to share with
Defendant correspondence or the contents of that correspondence
or such communications between or among SOCOM without further
authorization.

Plaintiff objects in view of the length of time period
during which this request would extend back until and as such the
request is objectionable as being burdensome and unduly
oppressive in nature, requiring extensive searching and
investigation of records that extend over many years.

Furthermore the question is objectionable as it becomes
improperly compound and/or, in that it assumes facts not proven
or that are disputed, for instance interpreting that a statute or

legal restrictions apply, the conduct comes under such legal requirements, that waivers did not occur from possible governmental public disclosures or otherwise, that authorizations or consents were necessary, and interpreting what constituted such authorizations or consents.

Such information is objectionable and would call for improper attorney speculation or conjecture, as well as requiring Plaintiff to guess at what future events might occur.

Without a waiver of any of its objections the Plaintiff denies violating any referenced restrictions or not having any proper authorizations for actions to the extent that any such conduct required the same.

REQUEST FOR ADMISSION NO. 18

Admit that FN did not have authorization in writing prior to October 2006 from United States Special Operations Command (USSOCOM) to use the USSOCOM emblem or logo on the documents shown in FN102637-FN102638 and FN100412.

RESPONSE:

Plaintiff objects to the request as seeking irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to the request as calling for legal conclusions as to what would be required to have said "authorization". Furthermore additional legal conclusions would be required as to interpreting the statute involved or legal restrictions, whether actions involved required any

33

authorizations or approvals and what would constitute such approvals or authorization, should such have been necessary.

Plaintiff objects to the request as assuming facts not of record. Specifically the request assumes that supposed authorization in writing is necessary for the use of the USSOCOM emblem or logo for marketing the Herstal SCAR brand rifles.

Furthermore, the request is objectionable as assuming facts not of record which are also incorrect facts and specifically that the USSOCOM emblem or logo was used on Plaintiff's SCAR brand rifles.

Plaintiff objects in view of the length of time period during which this request would extend back until and as such the request is objectionable as being burdensome and unduly oppressive in nature, requiring extensive searching and investigation of records that extend over many years.

Furthermore the question is objectionable as it becomes improperly compound and/or, in that it assumes facts not proven or that are disputed, for instance interpreting that a statute or legal restrictions apply, the conduct comes under such legal requirements, that waivers did not occur from possible governmental public disclosures or otherwise, that authorizations or consents were necessary, and interpreting what constituted such authorizations or consents.

Such information is objectionable and would call for improper attorney speculation or conjecture, as well as requiring Plaintiff to guess at what future events might occur.

Plaintiff further objects that as noted repeatedly to Defendant's counsel, SOCOM has advised in a recent communication with Plaintiff that only publicly available information may be released and Plaintiff is thereby presently unable to share with Defendant correspondence or the contents of that correspondence or such communications between or among SOCOM without further authorization.

Without a waiver of any of its objections the Plaintiff denies violating any referenced restrictions or not having any proper authorizations for actions to the extent that any such conduct required the same.

REQUEST FOR ADMISSION NO. 19

Admit that FN did not have authorization in writing prior to October 2006 from United States Special Operations Command (USSOCOM) to associate USSOCOM or Special Operation Forces (SOF) with any product being promoted or offered in the documents shown in FN102637-FN102638, FN100412-FN100414, FN100463-FN100465, FN100831-FN100833, and CA00133-CA00138.

RESPONSE:

Plaintiff objects to the request as seeking irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to the request as calling for legal conclusions as to what would be required to have said "authorization". Furthermore additional legal conclusions would be required as to interpreting the statute involved or legal restrictions, whether actions involved required any authorizations or approvals and what would constitute such approvals or authorization, should such have been necessary.

Plaintiff further objects to the request in not defining what is meant by the use of the word associate USSOCOM with any product being promoted or offered by Plaintiff. For instance SOCOM used in publicly available information various information about FN and the rifle award to Herstal, and such release by SOCOM could be considered as assisting FN in association with the FN SCAR brand rifles. In the context of the request the term "marketing" is not defined.

Plaintiff objects to the request as assuming facts not of record. Specifically the request assumes that supposed authorization in writing was necessary for the use of the USSOCOM emblem or logo for marketing the Herstal SCAR brand rifles.

Furthermore, the request is objectionable as assuming facts not of record which are also incorrect facts and specifically that the USSOCOM was somehow wrongful or in an unauthorized manner associated with Plaintiff's products.

Plaintiff further objects that as noted repeatedly to Defendant's counsel, SOCOM has advised in a recent communication with Plaintiff that only publicly available information may be released and Plaintiff is thereby presently unable to share with Defendant correspondence or the contents of that correspondence or such communications between or among SOCOM without further authorization.

Without a waiver of any of its objections the Plaintiff denies violating any referenced restrictions or not having any proper authorizations for actions to the extent that any such conduct required the same.

REQUEST FOR ADMISSION NO. 20

Admit that FN's SCAR mark is not "widely recognized by the general consuming public of the United States" as that phrase is used in 15 U.S.C. § 1125(c).

RESPONSE:

Plaintiff objects to the request as calling for information or documentation as to third parties and beyond the knowledge of the Plaintiff.

Plaintiff objects to the request as requiring legal interpretations and as not defining what is meant by the qualitative terms, such as "widely" or "general".

Without a waiver of any of its objections and to the best of its knowledge Plaintiff presently lacks sufficient information to

respond to what the general consuming public of the U.S. at present widely recognize and to date no survey evidence is known to exist. Plaintiff will supplement this response should survey evidence become available.

REQUEST FOR ADMISSION NO. 21

Admit that the SCAR mark was not "widely recognized by the general consuming public of the United States" as that phrase is used in 15 U.S.C. § 1125(c) before October 2006.

RESPONSE:

Plaintiff objects to the request as calling for information or documentation as to third parties and beyond the knowledge of the Plaintiff.

Plaintiff objects to the request as requiring legal interpretations and as not defining what is meant by the qualitative terms, such as "widely" or "general".

Without a waiver of any of its objections and to the best of its knowledge Plaintiff presently lacks sufficient information to respond to what the general consuming public of the U.S. as of before October 2006 widely recognize and to date no survey evidence is known to exist. Plaintiff will supplement this response should survey evidence become available.

REQUEST FOR ADMISSION NO. 22

Admit that a likelihood of confusion exists between the use by Plaintiff of SCAR as a trademark and the use by Defendant of SCAR-Stock, or any variations thereof, as a trademark.

38

RESPONSE:

   Admitted that Defendant's use of the mark at issue has

caused a likelihood of confusion.

                                  Respectfully submitted,

                         By:  _____
                              One of Plaintiff's attorneys

Burton S. Ehrlich
Ladas & Parry LLP
224 S. Michigan Avenue
Suite 1600
Chicago, IL 60604
(312) 427-1300


W. Scott Creasman
Jeffrey R Kuester
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
(770) 434-6868

<u>CERTIFICATE OF SERVICE</u>

The undersigned, one of Plaintiff's attorneys, hereby certifies that on February 26, 2014, he caused a true and correct copies of the foregoing PLAINTIFF, FN HERSTAL, S.A.'S RESPONSES TO DEFENDANT CLYDE ARMORY, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS to be served upon Defendant's counsel via email and also via first class mail as follows:

> Glenn D. Bellamy - gbellamy@whe-law.com
> WOOD HERRON & EVANS, LLP
> 2700 Carew Tower
> 441 Vine Street
> Cincinnati, OH 45202-2917

> And

> Michael C. Daniel - mdaniel@pdwlawfirm.com,
> Victoria Rooks - vrooks@pdwlawfirm.com
> PRIOR, DANIEL & WILTSHIRE, LLC
> 490 North Milledge Avenue
> Athens, GA 30601

Burton S. Ehrlich

40

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

FN HERSTAL, S.A.,                )
                                 )
          Plaintiff,             )
                                 )    CIVIL ACTION FILE NO.:
     v.                          )    3:12-cv-00102-CAR
                                 )
CLYDE ARMORY, INC.,              )
                                 )
          Defendant.             )
                                 )
_____)


## PLAINTIFF, FN HERSTAL, S.A.'S ANSWERS AND RESPONSES TO CLYDE ARMORY, INC.'S THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff, FN Herstal, S.A. hereby responds and objects as follows to CLYDE ARMORY, INC.'S THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS TO FN HERSTAL, S.A.:

### GENERAL OBJECTIONS AND OBJECTIONS TO DEFINITIONS

Applicant hereby incorporates by reference its General Objections and those objections contained in its PLAINTIFF, FN HERSTAL, S.A.'S ANSWER AND OBJECTIONS TO CLYDE ARMORY, INC.'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS.

### RESPONSES TO REQUESTS

#### REQUEST NO. 13:

Produce a copy of any document on which FN intends to rely as evidence of any authorization or approval by United States Special Operations Command (USSOCOM) to release information pertaining to any aspect of FN's participation in the Special

1

Operations Forces (SOF) Combat Assault Rifle (SCAR) program.

RESPONSE:

Plaintiff objects to the request as it seeks documents which Plaintiff intends to "rely as evidence" which is objectionable on the basis that it would require counsel for the Plaintiff to subjectively determine what documents may be used as "evidence" in the proceedings. As such the request calls for improper attorney conjecture or speculation as to what might be considered as potential evidence, rather than knowing objectively the documents being requested. Determining what may constitute evidence requires speculation on what claims or defenses the other side may raise, as well as how the Court may rule based upon which documents may tend to create proof in the proceedings. The Plaintiff would be required to determine what issues may exist, what evidence the other side may seek to prove and what evidence may be admissible that the Plaintiff will successfully introduce into "evidence". The request also requires impermissible legal conclusions that such will even become necessary in the case for showing authorizations on approvals.

Plaintiff objects to the request as seeking documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to providing documents where based upon USSOCOM governmental restrictions and prohibitions the disclosure of said subject matter is prohibited for National Defense

2

purposes.  As the Plaintiff notified Defendant's counsel by letter on December 23, 2013 in response to the request by Plaintiff on the release of documents, USSOCOM has advised in a recent communication that the Plaintiff is not authorized based upon national security concerns to release Plaintiff's documents between USSOCOM, except to the extent that they are documents made publicly available by USSOCOM.  As such and based upon present requirements the Plaintiff was restricted from further responding or providing any documents that are not publicly available based upon the understanding within the recently received communication from USSOCOM, which occurred because the Defendant requested the Plaintiff to seek authorization from USSOCOM for the release of documents to the Defendant.  The Department of Defense designated headquarters US Special Operations Command (USSOCOM) a sensitive unit, as defined by Title 10 United States Code (USC) §130b(10 USC 130b).  Any release of such documentation is prohibited without proper governmental authorization.

Plaintiff further objects to the request as seeking documents which extend over more then a ten (10) year time period pertaining to irrelevant subject matter and as such the request is overly broad, burdensome and oppressive in scope in requiring the Plaintiff to search for any documents that may relate to any authorizations or approvals for FN to release information on "any aspect" of FN's participation in the asserted program.

3

Furthermore, requested documents on participation in "any aspect" of the program is further overly broad, unduly burdensome and oppressive in scope.

Plaintiff objects in view of the length of time period during which this request would extend back until and as such the request is objectionable as being burdensome and unduly oppressive in nature, requiring extensive searching and investigation of records that extend over many years.

Plaintiff further objects to the request as seeking documents that require legal conclusions as to what might constitute under various laws or contract standards as "authorization" or "approval". That would require the interpretation of statues or contracts, some of which as to contractual matters cannot even be disclosed to Defendant. Furthermore, it would then require considering what documentation or standards might be required for showing such approval by USSOCOM. For instance, seemingly the documents that USSOCOM made publicly available and which are available would show FN being authorized to disclose those documents showing FN's participation in the program.

Plaintiff objects to the request to the extent that it assumes disputed or impermissible legal conclusions. For example, under the request Plaintiff is essentially being requested to interpret laws unrelated to the trademark laws or interpret contract restrictions and then interpret whether

4

certain activities or conduct may have been permissible, as well as to further interpret whether authorizations or approvals or consent was properly obtained from governmental authorities for which supposed activities.  Under these circumstances the Plaintiff is being required to make multiple interpretations of laws or contractual requirements and then interpret other events or otherwise make impermissible assumptions as to certain approvals or authorizations as being necessary.

Plaintiff further objects to the request on the basis that it assumes facts not of record and specifically that such authorizations or approvals were required for the actions undertaken by Plaintiff.

Furthermore the question is objectionable as it becomes improperly compound and/or, in that it assumes facts not proven or that are disputed, for instance interpreting that a statute or legal restrictions apply, the conduct comes under such legal requirements, that waivers did not occur from possible governmental public disclosures or otherwise, that authorizations or consents were necessary, and interpreting what constituted such authorizations or consents.

Without a waiver of any of its objections, the Plaintiff refers to the documents already made publicly available and authorized for release as noted in Plaintiff's counsel's letter dated December 23, 2013 and the other documents which have been produced in this case.

REQUEST NO. 14:

Produce a copy of any document on which FN intends to rely as
evidence of any authorization or approval by United States
Special Operations Command (USSOCOM) to associate USSOCOM or
Special Operations Forces (SOF) with any aspect of FN's
participation in the Special Operations Forces (SOF) Combat
Assault Rifle (SCAR) program.

RESPONSE:

Plaintiff objects to the request as it seeks documents which

Plaintiff intends to "rely as evidence" which is objectionable on

the basis that it would require counsel for the Plaintiff to

subjectively determine what documents may be used as "evidence"

in the proceedings.  As such the request calls for improper

attorney conjecture or speculation as to what might be considered

as potential evidence, rather than knowing objectively the

documents being requested.  Determining what may constitute

evidence requires speculation on what claims or defenses the

other side may raise, as well as how the Court may rule based

upon which documents may tend to create proof in the proceedings.

The Plaintiff would be required to determine what issues may

exist, what evidence the other side may seek to prove and what

evidence may be admissible that the Plaintiff will successfully

introduce into "evidence".  The request also requires

impermissible legal conclusions that such will even become

necessary in the case for showing authorizations on approvals.

Plaintiff objects to the request as seeking documents that

are irrelevant and not reasonably calculated to lead to the

6

discovery of admissible evidence.

Plaintiff objects to providing documents where based upon USSOCOM governmental restrictions and prohibitions the disclosure of said subject matter is prohibited for National Defense purposes.  As the Plaintiff notified Defendant's counsel by letter on December 23, 2013 in response to the request by Plaintiff on the release of documents, USSOCOM has advised in a recent communication that the Plaintiff is not authorized based upon national security concerns to release Plaintiff's documents between USSOCOM, except to the extent that they are documents made publicly available by USSOCOM.  As such and based upon present requirements the Plaintiff was restricted from further responding or providing any documents that are not publicly available based upon the understanding within the recently received communication from USSOCOM, which occurred because the Defendant requested the Plaintiff to seek authorization from USSOCOM for the release of documents to the Defendant.  The Department of Defense designated headquarters US Special Operations Command (USSOCOM) a sensitive unit, as defined by Title 10 United States Code (USC) §130b(10 USC 130b).  Any release of such documentation is prohibited without proper governmental authorization.

Plaintiff further objects to the request as seeking documents which extend over more then a ten (10) year time period pertaining to irrelevant subject matter and as such the request

is overly broad, burdensome and oppressive in scope in requiring the Plaintiff to search for any documents that may relate to any authorizations or approvals for FN to release information "to associate" with "any aspect" of FN's "participation" in the asserted program. Furthermore, requested documents on participation in "any aspect" of the program is further overly broad, unduly burdensome and oppressive in scope.

Plaintiff objects in view of the length of time period during which this request would extend back until and as such the request is objectionable as being burdensome and unduly oppressive in nature, requiring extensive searching and investigation of records that extend over many years.

Plaintiff further objects to the request as seeking documents that require legal conclusions as to what might constitute under various laws or contract standards as "authorization" or "approval". That would require the interpretation of statues or contracts, some of which as to contractual matters cannot even be disclosed to Defendant. Furthermore, it would then require considering what documentation or standards might be required for showing such approval by USSOCOM. For instance, seemingly the documents that USSOCOM made publicly available and which are available would show FN being authorized to disclose those documents showing FN's participation in the program.

Plaintiff objects to the request to the extent that it

assumes disputed or impermissible legal conclusions. For example, under the request Plaintiff is essentially being requested to interpret laws unrelated to the trademark laws or interpret contract restrictions and then interpret whether certain activities or conduct may have been permissible, as well as to further interpret whether authorizations or approvals or consent was properly obtained from governmental authorities for which supposed activities. Under these circumstances the Plaintiff is being required to make multiple interpretations of laws or contractual requirements and then interpret other events or otherwise make impermissible assumptions as to certain approvals or authorizations as being necessary.

Plaintiff further objects to the request on the basis that it assumes facts not of record and specifically that such authorizations or approvals were required for the actions undertaken by Plaintiff.

Furthermore the question is objectionable as it becomes improperly compound and/or, in that it assumes facts not proven or that are disputed, for instance interpreting that a statute or legal restrictions apply, the conduct comes under such legal requirements, that waivers did not occur from possible governmental public disclosures or otherwise, that authorizations or consents were necessary, and interpreting what constituted such authorizations or consents.

Without a waiver of any of its objections, the Plaintiff

refers to the documents already made publicly available and authorized for release as noted in Plaintiff's counsel's letter dated December 23, 2013 and the other documents which have been produced in this case.

REQUEST NO. 15:

Produce a copy of any document on which FN intends to rely as evidence of any authorization or approval by United States Special Operations Command (USSOCOM) to associate USSOCOM or Special Operations Forces (SOF) with an award to FN of a contract for the Special Operations Forces (SOF) Combat Assault Rifle (SCAR).

RESPONSE:

Plaintiff objects to the request as it seeks documents which Plaintiff intends to "rely as evidence" which is objectionable on the basis that it would require counsel for the Plaintiff to subjectively determine what documents may be used as "evidence" in the proceedings. As such the request calls for improper attorney conjecture or speculation as to what might be considered as potential evidence, rather than knowing objectively the documents being requested. Determining what may constitute evidence requires speculation on what claims or defenses the other side may raise, as well as how the Court may rule based upon which documents may tend to create proof in the proceedings. The Plaintiff would be required to determine what issues may exist, what evidence the other side may seek to prove and what evidence may be admissible that the Plaintiff will successfully introduce into "evidence". The request also requires

10

impermissible legal conclusions that such will even become necessary in the case for showing authorizations on approvals.

Plaintiff objects to the request as seeking documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to providing documents where based upon USSOCOM governmental restrictions and prohibitions the disclosure of said subject matter is prohibited for National Defense purposes. As the Plaintiff notified Defendant's counsel by letter on December 23, 2013 in response to the request by Plaintiff on the release of documents, USSOCOM has advised in a recent communication that the Plaintiff is not authorized based upon national security concerns to release Plaintiff's documents between USSOCOM, except to the extent that they are documents made publicly available by USSOCOM. As such and based upon present requirements the Plaintiff was restricted from further responding or providing any documents that are not publicly available based upon the understanding within the recently received communication from USSOCOM, which occurred because the Defendant requested the Plaintiff to seek authorization from USSOCOM for the release of documents to the Defendant. The Department of Defense designated headquarters US Special Operations Command (USSOCOM) a sensitive unit, as defined by Title 10 United States Code (USC) §130b(10 USC 130b). Any release of such documentation is prohibited without proper

11

governmental authorization.

Plaintiff further objects to the request as seeking documents which extend over more then a ten (10) year time period pertaining to irrelevant subject matter and as such the request is overly broad, burdensome and oppressive in scope in requiring the Plaintiff to search for any documents that may relate to any authorizations or approvals for FN to release information "to associate" with FN's "award" or "contract" in the asserted program. Furthermore, requested documents on participation "to associate" with the program is further overly broad, unduly burdensome and oppressive in scope.

Plaintiff objects in view of the length of time period during which this request would extend back until and as such the request is objectionable as being burdensome and unduly oppressive in nature, requiring extensive searching and investigation of records that extend over many years.

Plaintiff further objects to the request as seeking documents that require legal conclusions as to what might constitute under various laws or contract standards as "authorization" or "approval". That would require the interpretation of statues or contracts, some of which as to contractual matters cannot even be disclosed to Defendant. Furthermore, it would then require considering what documentation or standards might be required for showing such approval by USSOCOM. For instance, seemingly the documents that USSOCOM made

12

publicly available and which are available would show FN being
authorized to disclose those documents showing FN's participation
in the program.

Plaintiff objects to the request to the extent that it
assumes disputed or impermissible legal conclusions.  For
example, under the request Plaintiff is essentially being
requested to interpret laws unrelated to the trademark laws or
interpret contract restrictions and then interpret whether
certain activities or conduct may have been permissible, as well
as to further interpret whether authorizations or approvals or
consent was properly obtained from governmental authorities for
which supposed activities.  Under these circumstances the
Plaintiff is being required to make multiple interpretations of
laws or contractual requirements and then interpret other events
or otherwise make impermissible assumptions as to certain
approvals or authorizations as being necessary.

Plaintiff further objects to the request on the basis that
it assumes facts not of record and specifically that such
authorizations or approvals were required for the actions
undertaken by Plaintiff.

Furthermore the question is objectionable as it becomes
improperly compound and/or, in that it assumes facts not proven
or that are disputed, for instance interpreting that a statute or
legal restrictions apply, the conduct comes under such legal
requirements, that waivers did not occur from possible

governmental public disclosures or otherwise, that authorizations
or consents were necessary, and interpreting what constituted
such authorizations or consents.

Without a waiver of any of its objections, the Plaintiff
refers to the documents already made publicly available and
authorized for release as noted in Plaintiff's counsel's letter
dated December 23, 2013 and the other documents which have been
produced in this case.


REQUEST NO. 16:

Produce a copy of any document on which FN intends to rely as
evidence of any authorization or approval by United States
Special Operations Command (USSOCOM) to use the USSOCOM emblem or
logo in any medium promoting, marketing or announcing FN's SCAR
rifle.

RESPONSE:

Plaintiff objects to the request as it seeks documents which
Plaintiff intends to "rely as evidence" which is objectionable on
the basis that it would require counsel for the Plaintiff to
subjectively determine what documents may be used as "evidence"
in the proceedings. As such the request calls for improper
attorney conjecture or speculation as to what might be considered
as potential evidence, rather than knowing objectively the
documents being requested. Determining what may constitute
evidence requires speculation on what claims or defenses the
other side may raise, as well as how the Court may rule based
upon which documents may tend to create proof in the proceedings.
The Plaintiff would be required to determine what issues may

14

exist, what evidence the other side may seek to prove and what evidence may be admissible that the Plaintiff will successfully introduce into "evidence". The request also requires impermissible legal conclusions that such will even become necessary in the case for showing authorizations on approvals.

Plaintiff objects to the request as seeking documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to providing documents where based upon USSOCOM governmental restrictions and prohibitions the disclosure of said subject matter is prohibited for National Defense purposes. As the Plaintiff notified Defendant's counsel by letter on December 23, 2013 in response to the request by Plaintiff on the release of documents, USSOCOM has advised in a recent communication that the Plaintiff is not authorized based upon national security concerns to release Plaintiff's documents between USSOCOM, except to the extent that they are documents made publicly available by USSOCOM. As such and based upon present requirements the Plaintiff was restricted from further responding or providing any documents that are not publicly available based upon the understanding within the recently received communication from USSOCOM, which occurred because the Defendant requested the Plaintiff to seek authorization from USSOCOM for the release of documents to the Defendant. The Department of Defense designated headquarters US Special

15

Operations Command (USSOCOM) a sensitive unit, as defined by Title 10 United States Code (USC) §130b(10 USC 130b).  Any release of such documentation is prohibited without proper governmental authorization.

Plaintiff further objects to the request as seeking documents which extend over more then a ten (10) year time period pertaining to irrelevant subject matter and as such the request is overly broad, burdensome and oppressive in scope in requiring the Plaintiff to search for any documents that may relate to any authorizations or approvals for FN to use or associate with the subject matter at issue.

Plaintiff objects in view of the length of time period during which this request would extend back until and as such the request is objectionable as being burdensome and unduly oppressive in nature, requiring extensive searching and investigation of records that extend over many years.

Plaintiff further objects to the request as seeking documents that require legal conclusions as to what might constitute under various laws or contract standards as "authorization" or "approval".  That would require the interpretation of statues or contracts, some of which as to contractual matters cannot even be disclosed to Defendant. Furthermore, it would then require considering what documentation or standards might be required for showing such approval by USSOCOM.  For instance, seemingly the documents that USSOCOM made

16

publicly available and which are available would show FN being
authorized to use such for showing FN's participation or
association in the program.

Plaintiff objects to the request to the extent that it
assumes disputed or impermissible legal conclusions. For
example, under the request Plaintiff is essentially being
requested to interpret laws unrelated to the trademark laws or
interpret contract restrictions and then interpret whether
certain activities or conduct may have been permissible, as well
as to further interpret whether authorizations or approvals or
consent was properly obtained from governmental authorities for
which supposed activities. Under these circumstances the
Plaintiff is being required to make multiple interpretations of
laws or contractual requirements and then interpret other events
or otherwise make impermissible assumptions as to certain
approvals or authorizations as being necessary.

Plaintiff further objects to the request on the basis that
it assumes facts not of record and specifically that such
authorizations or approvals were required for the actions
undertaken by Plaintiff.

Furthermore the question is objectionable as it becomes
improperly compound and/or, in that it assumes facts not proven
or that are disputed, for instance interpreting that a statute or
legal restrictions apply, the conduct comes under such legal
requirements, that waivers did not occur from possible

17

governmental public disclosures or otherwise, that authorizations or consents were necessary, and interpreting what constituted such authorizations or consents.

Without a waiver of any of its objections, the Plaintiff refers to the documents already made publicly available and authorized for release as noted in Plaintiff's counsel's letter dated December 23, 2013 and the other documents which have been produced in this case.

Respectfully submitted,

By: _____
One of Plaintiff's attorneys

Burton S. Ehrlich
Ladas & Parry LLP
224 S. Michigan Avenue
Suite 1600
Chicago, IL 60604
(312) 427-1300

W. Scott Creasman
Jeffrey R Kuester
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
(770) 434-6868

<u>CERTIFICATE OF SERVICE</u>

The undersigned, one of Plaintiff's attorneys, hereby
certifies that on February 26, 2014, he caused a true and correct
copies of the foregoing PLAINTIFF, FN HERSTAL, S.A.'S ANSWERS AND
RESPONSES TO CLYDE ARMORY, INC.'S THIRD REQUESTS FOR PRODUCTION
OF DOCUMENTS to be served upon Defendant's counsel via email and
also via first class mail as follows:

> Glenn D. Bellamy - gbellamy@whe-law.com
> WOOD HERRON & EVANS, LLP
> 2700 Carew Tower
> 441 Vine Street
> Cincinnati, OH 45202-2917

>        And

> Michael C. Daniel - mdaniel@pdwlawfirm.com,
> Victoria Rooks - vrooks@pdwlawfirm.com
> PRIOR, DANIEL & WILTSHIRE, LLC
> 490 North Milledge Avenue
> Athens, GA 30601

Burton S. Ehrlich

19