IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| FN HERSTAL, S.A.,<br><br>               Plaintiff,<br>v.<br><br>CLYDE ARMORY, INC.,<br><br>               Defendant. | Case No. 3:12-CV-102 (CAR) |

**PLAINTIFF FN HERSTAL'S MOTION TO STRIKE THE JURY DEMAND
AND COMBINED MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Fed. R. Civ. P. 39(a)(2), Plaintiff FN Herstal, S.A. ("Herstal") respectfully moves the Court for an order striking the parties' jury demands and ordering that this case be tried by a bench trial. There are no longer any claims triable to a jury in this case because no right to a jury trial exists when the claims to be resolved at trial are purely equitable in nature.[1] As will be discussed in detail below, no right to a jury trial exists where the claims to be resolved at trial are purely equitable in nature and case law does not permit either party to claim prejudice for the denial of a jury trial. Here, the parties' remaining claims for trial are purely equitable, relating only to injunctive relief and attorneys' fees, and are therefore triable by the Court without the aid of a jury. Necessarily the resolution of the equitable claims also involve the determination of the parties' possible trademark rights and trademark registrability issues, that are a further matter for a bench trial to resolve.

---

[1] After the Pretrial Conference, when it became abundantly clear to Herstal's counsel that neither party had a legal right to a jury trial, it became incumbent upon Herstal to bring this issue to the Court's attention.

1

For instance, in the Proposed Pretrial Order and at the Pretrial Conference held on June 29, 2015, both parties again confirmed to the Court that they are not seeking damages and even if a claim could exist for attorneys' fees that would be an equitable claim. Additionally, at the Pretrial Conference, the Court emphasized its reluctance to occupy jurors' time needlessly and suggested that certain issues and exhibits in this case may be confusing to a jury. Because the relief being sought by both parties is now *purely equitable*, neither party is entitled to a jury trial. For this reason, and because this case can more efficiently be decided through a bench trial, Herstal requests that the Court order a bench trial.

I. **INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

This case does not require a jury. Nor are the parties entitled to a jury or to claim any prejudice from the denial of a jury trial. The only remaining issues in this case to be tried later this month are equitable in nature. For the rationale herein, and because the parties have no right to a jury trial, and under case law could not claim prejudice by the denial of a jury trial, Herstal requests that the Court order a bench trial.

Injunctive relief under the Lanham Act is granted "according to the principles of equity." 15 U.S.C. § 1116(a). The Seventh Amendment, which provides for the right to a jury trial, confers no such right in cases turning on equitable relief. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999) ("It is settled law that the Seventh Amendment does not apply" to suits seeking only injunctive relief); *see also Ford v. Citizens and S. Nat'l Bank*, 928 F.2d 1118, 1122 (11th Cir. 1992). Accordingly, there is no basis for either party to demand a jury trial in this case.

Here, as both parties represented in the June 22, 2015 Proposed Pretrial Order:

> ***Neither party is seeking damages*** and the parties further agree that whichever party establishes its priority of rights will request to be entitled to the trademark

2

registration(s)[2] it has sought (and the other party denied the registration(s) it sought) and seek a permanent injunction against the other party.

See Prop. Pretrial Order at 9 (emphasis added).  This representation was confirmed at the June 29, 2015 Pretrial Conference.  Instead, both parties seek only injunctive relief for their respective trademark claims.

Trying this case before the Court will likely result in a shorter and more efficient trial.  The Court's and parties' time and resources, for example, would not need to be expended on impaneling a twelve person jury (with such persons to participate in attending the full trial and in rendering a decision), arguing over jury instructions, making objections to jury instructions, or jury verdict forms, or reading deposition transcripts into the record.  Moreover, a bench trial could be beneficial in that the Court could more easily reference and use the prior stipulated facts from the Summary Judgment briefings, the contents from the Summary Judgment Order and the Court's background and resources in arriving at that ruling, using the determinations or resolutions of facts from the other pleadings, such as from the Requests For Admissions, as well as from the Pretrial Order.  There would also be no further need for rulings or efforts on matters such as voir dire, the jury selection, the jury instructions, the jury verdict form, and even the Motions in Limine.  In addition to conserving the parties' and the Court's resources, neither party under existing case law could be prejudiced, as neither party is entitled to a jury trial.  Nor would it be necessary to expend the judicial resources necessary to conduct a jury trial, not to

---

[2] Related to the resolution of the equitable relief for an injunction, the parties request resolution of the trademark rights and registribility issues, and 15 U.S.C. §1119 specifically enables the Court to have the ability to decide trademark registrability issues.  See 15 U.S.C. §1119; see also B & F SYSTEM, INC. v. LeBlanc, Case No. 07-192, 2012 WL 2529191, at *14 (M.D. Ga.) (withholding the Section 1119 issue from the jury). Accordingly, questions of registribility do not transform the parties' equitable claims into legal ones that warrant Seventh Amendment protections.

mention the time required of jurors to participate in a jury trial.  Because a bench trial would fully resolve all of the equitable issues in this case, a jury trial would constitute a waste of judicial and juror resources.  Accordingly, this Court should enter an order providing that this case will be tried by a bench trial.

## II. ARGUMENT

The right of trial by jury does not apply in this case.  The nature of this action and the remedies sought in this case all are equitable in nature: neither party has sought to pursue at trial claims for damages; they now seek only vindication of their trademark rights in the form of injunctive relief and potential trademark registrability.  Under the Lanham Act, they also may seek attorneys' fees and costs, but these claims are also equitable.  An injunction for trademark infringement is an equitable remedy.  *See* 15 U.S.C. § 1116(a); *Sheila's Shine Prods., Inc. v. Sheila Shine, Inc.*, 486 F.2d 114, 122 (5th Cir. 1973)[3].  So, too, is a claim for attorneys' fees and costs.  *CBS Broad., Inc. v. EchoStar Commc'ns Corp.*, 450 F.3d 505, 517, n.25 (11th Cir. 2006).  Because there is no right to a jury trial for claims limited to equitable relief, neither party is entitled to a jury trial.  *Id*.

### A. Given The Purely Equitable Nature Of The Relief Sought, Neither Party Is Entitled To A Jury Trial

"There is no right to a jury trial . . . when the plaintiff[] seek[s] purely equitable relief such as an injunction."  *Id*.  This is because "[t]he right of trial by jury does not extend to cases historically cognizable in equity."  *Sheila's Shine*, 486 F.2d at 121-22; *see also Phillips v. Kaplus*, 764 F.2d 807, 811-12 (11th Cir. 1985) ("The Seventh Amendment preserves the right to

---

[3] In *Bonner v. City of Prichard, Alabama,* 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the October 1, 1981.

trial by jury in suits in which legal rights are to be determined in contrast to those in which equitable rights and remedies are involved."). Instead, "[p]urely equitable claims, even those involving factual disputes, are matters to be resolved by the court rather than a jury." *Ford*, 928 F.2d at 1122. An "action for injunctive relief relating to trademark infringement and unfair competition [is] equitable in nature." *Sheila's Shine*, 486 F.2d at 122. Because both parties now seek only injunctive relief, there is no right to a jury trial in this case.

The fact that trial is just weeks away does not foreclose the Court from setting aside the parties' jury demands. The Eleventh Circuit has held that a district court may strike a jury demand even on the eve of trial when only equitable issues remain. *EchoStar*, 450 F.3d at 517 n.25. In *EchoStar*, the district court granted the plaintiffs' motion to strike the defendants' demand for a jury trial less than a week before the scheduled trial date because only equitable issues remained for adjudication. *CBS Broad., Inc. v. EchoStar Commc'ns Corp.*, No. 98-Civ-2651, Slip Op., Dkt. 765 at 1 (S.D. Fla. April 3, 2003), attached hereto as **Exhibit A**. On appeal, the Eleventh Circuit held that striking the jury demand immediately before trial was proper, because there is no right to a jury trial where only equitable relief is sought. *EchoStar*, 450 F.3d at 517, n.25. The Court of Appeals found this conclusion so uncontroversial that it deemed the defendants' claim of error on this point, among others, to be "completely without merit," and relegated its discussion of the issue to a few lines in a footnote. *Id*. at 517.

Here, as in *EchoStar*, the parties have proceeded through this litigation with the expectation that the case could be tried before a jury because damages claims arguably had been made by one or more of the parties. In the parties' Joint Proposed Pretrial Order, counsel for both parties represented that the parties would not pursue damages. Counsel for the parties confirmed these representations in the very recent Pretrial Conference, where the Court made it

5

abundantly clear that the Court is very cognizant of not wasting juror time or resources when unnecessary. Because the law is clear that there should be no jury trial where only equitable issues remain, and that a demand for a jury trial may be stricken on the eve of trial, Herstal's request, which comes weeks before trial, is entirely proper and should be granted.

**B.     No Other Remedy Or Fact Issue Creates Any Right To A Jury Trial**

In addition to seeking injunctive relief, either party may still seek attorneys' fees under the Lanham Act. 15 U.S.C. § 1117. But a claim for attorneys' fees and costs does not create the right to a jury trial. Awarding attorney's fees and court costs has "long been considered 'part of the historic equity jurisdiction of the federal courts.'" *Wheeless v. Gelzer*, 765 F. Supp. 741, 743 (N.D. Ga. 1991) (citing *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161 (1939)). In determining whether a remedy is legal or equitable, "courts examine the nature of both the action and the remedy sought." *Id.* at 742 (citing *Tull v. United States*, 481 U.S. 412, 417 (1987)). And the law in the Eleventh Circuit is clear that a claim for attorneys' fees and costs does not give rise to the right to a jury trial if the other claims in the suit are equitable in nature. *See EchoStar*, 450 F.3d at 517, n. 25; *Whiting v. Jackson State Univ.*, 616 F.2d 116, 123 (5th Cir. 1980) (inclusion of claims for attorneys' fees and costs "does not raise the right to a jury in an otherwise purely equitable action"); *Wheeless*, 765 F. Supp. at 743-44. As such, Section 1117 relief, if ever pursued, is sought by post-trial motion and is not a matter for juries, *see* L.R. 54.1, and, as such, neither party submitted in the pretrial anything for jury consideration relating to such fees, because more properly that could be a post-trial motion for a prevailing party that deems such as proper. Consequently, because all other relief sought in this case is equitable, the parties also are not entitled to a jury trial on their requests for attorneys' fees and costs.

Finally, to the extent there are triable issues of fact in this case, they need not be decided by a jury.  "[T]he right to have a jury determine issues of fact turns essentially on whether the claim to which those issues relate is legal or equitable." *Ford*, 928 F.2d at 1121 (citation omitted).  Because the only claims at issue are equitable ones, the determination of any fact issues should be made by the Court alone. *Id*. at 1122.

### C. A Bench Trial Will More Efficiently Resolve The Parties' Dispute

Not only is there no right to a jury trial in this case, but a bench trial will better serve the interests of justice, the Court, and the parties. *CPI Plastics, Inc. v. USX Corp.*, 22 F.Supp.2d 1373, 1378 (N.D. Ga. 1995) ("A trial before the Court will require less preparation than trial before a jury.").  During the Pretrial Conference, this Court advised counsel for both parties that it values the jury's time and warned against the poor use of judicial resources.  Eliminating the jury from this proceeding will allow the trial to proceed more efficiently over a shorter duration, conserving judicial resources and saving time, cost, and effort for potential jurors, witnesses, and the parties.  A bench trial also will eliminate any risk of legal or evidentiary issues confusing the jury, which is a particular concern in a relatively technical trademark dispute between businesses such as this one, involving questions such as priority of rights and analogous use.  A bench trial will also better preserve the confidentiality aspects that could be involved with highly confidential information of the parties and the third party witnesses.  Local witnesses involved in the case could also avoid any situations of embarrassment within their communities on issues such as impeachment on veracity or relating to an employment issue if a third party witness were to testify at trial.  A bench trial is not only legally adequate; it is preferable as a matter of efficiency and justice.

The parties met-and-conferred telephonically on July 6, 2015 regarding this Motion, but were as yet unable to reach an agreement, so this Motion is not filed as an agreed Motion as Defendant could not ascertain its position with regard to this Motion by the close of business today.

### III. CONCLUSION

For the foregoing reasons, Herstal respectfully requests that the Court set aside the jury demand in this case and enter an order that this case will proceed as a bench trial. In light of the purely equitable nature of the relief being sought, the parties are not entitled to a jury trial, and a bench trial will more efficiently resolve the parties' dispute.

Dated: July 6, 2015

                                              Respectfully submitted,

                                              /s/ Burton S. Ehrlich
                                              Burton S. Ehrlich
                                              LADAS & PARRY LLP
                                              224 S. Michigan Avenue
                                              Suite 1600
                                              Chicago, Illinois 60604
                                              Telephone: (312) 427−1300
                                              Email: burte@ladas.net

                                              Charles H. Hooker III
                                              Georgia Bar No. 375622
                                              KILPATRICK TOWNSEND &
                                              STOCKTON LLP
                                              1100 Peachtree Street, N.E.
                                              Suite 2800
                                              Atlanta, Georgia 30309
                                              Telephone: (404) 815-6376
                                              Email: chooker@kilpatricktownsend.com

                                              *Attorneys for Plaintiff/Counterclaim-Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 6, 2015, I electronically filed the foregoing PLAINTIFF FN HERSTAL'S MOTION TO STRIKE THE JURY DEMAND AND COMBINED MEMORANDUM IN SUPPORT THEREOF with the Clerk of the Court using the CM/ECF system which will electronically send notice of such filing to all counsel of record.

                                                       /s/ Burton S. Ehrlich