IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **FN Herstal, S.A.**, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:12-cv-102-CAR |
| | ) | |
| v. | ) | Judge C. Ashley Royal |
| | ) | |
| **Clyde Armory, Inc.**, | ) | |
| | ) | |
| Defendant. | ) | |

**CLYDE ARMORY'S BRIEF IN OPPOSITION TO
FN HERSTAL'S MOTION TO STRIKE THE JURY DEMAND (DOC. 127)**

On June 22, 2015, FN Herstal S.A. ("FN") and Clyde Armory Inc. ("Clyde Armory") jointly submitted a Proposed Pre-Trial Order, wherein the parties told this Court that neither would seek damages, only an injunction (Proposed Pre-Trial Order at 9), and that trial in this case would be to a jury (*see id*. at 3, 8-10). The Proposed Pre-Trial Order also included FN's Proposed Voir Dire Questions for the jury, FN's Proposed Jury Charges, and FN's Proposed Verdict Form, which included "Special Interrogatories to the Jury." *See* Addendum B-Parts 1-3, respectively. Clyde Armory submitted its own proposed Voir Dire Questions, Jury Charges, and Verdict Form with the Proposed Pre-Trial Order. *See* Addendum C- Parts 1-3, respectively.

On June 29, 2015, the Court conducted a final pre-trial conference, during which the Court and counsel specifically reviewed the parties' Proposed Pre-Trial Order and discussed several issues directly related to trial before a jury. *See* Hearing Trans., Doc. 128 at 4:13- 24:25. Those issues included, *inter alia*, whether an injunction would be "based on the verdict that the jury renders" as a matter of course (*id*. at 6:23-9:20), the propriety of the proposed voir dire

1

questions (*id*. at 18:5-23:12), and how the Court conducts jury selection (*id*. at 23:14-24:25).

Before Monday, July 6, 2015, one week after the final pre-trial conference, FN had never raised an objection to a jury trial. FN did not object to a jury trial in the parties' jointly prepared Proposed Pre-Trial Order, where both sides agreed that an injunction would be the only remedy for the prevailing party. It did not object to a jury trial during the final pre-trial conference, where jury issues were discussed with the Court at length. In fact, at no time before filing this motion has FN indicated anything other than its full consent to a jury trial.

In support of its motion, FN now tells this Court that neither party has a right to a jury trial and that a bench trial is preferable. The Court should find neither of these points persuasive. First, regardless of whether a right to a jury trial exists, FED. R. CIV. P. 39(c)(2) provides that "the court, on motion or on its own … may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right …." FN consented to a jury trial by virtue of its joining in the Proposed Pre-Trial Order and its participating in the final pre-trial conference, without objecting to a jury trial. Second, despite FN's attempt to persuade the Court otherwise, a bench trial would neither be more efficient nor conserve more judicial resources than a jury trial.

In light of these and other considerations discussed herein, Clyde Armory respectfully requests that the Court deny FN's Motion to Strike the Jury Demand and requests instead that the Court exercise its discretion to empanel a jury for this case under FED. R. CIV. P. 39(c)(2).

I.  **BACKGROUND**

   A.  **Causes of Action and Claims for Relief**

This is a trademark infringement action where the principal question to be resolved at trial is which party owns superior rights to their trademark incorporating the term "SCAR." *See*

Doc. 109 at 36. In the amended pleadings, filed after this case was transferred to this Court, each party pled its claims and the relief it sought. *See* Docs. 73-75. Each party alleged trademark infringement, among other claims, and sought both legal and equitable relief from this Court.

FN's Amended Complaint sought, *inter alia*, an injunction, an award of profits secured by the Defendant, punitive damages, costs, and attorney fees. Doc. 73 at 20. In its Answer to Amended Complaint with Counterclaims, Clyde Armory sought, *inter alia*, an injunction, all profits realized by FN, damages sustained by FN's infringement, treble damages for willful infringement, costs and attorney fees. Doc. 74 at 21-23. Each party further included in its amended pleading a Demand for Jury Trial pursuant to FED. R. CIV. P. 38. Doc. 73 at 17-18; Doc. 74 at 23; Doc. 78 at 24.

### B. Discovery and Pre-Trial Proceedings

Discovery in this case proceeded with respect to each party's full complement of claims and requested remedies. The parties filed competing summary judgment motions, which the Court denied on January 8, 2015. Doc. 109. The Court initially scheduled a pre-trial conference for May 20, 2015 (Text Order dated Apr, 2, 2015), but extended that date on motion of the parties to June 29, 2015 (Text Order, dated Apr. 8, 2015).

On April 13, 2015, the Court issued a Text Order noting that a "Jury Trial" was "Specially Set" to begin in Athens, Georgia on July 20, 2015. On June 16, 2015, the Court conducted a motion hearing by phone, during which the Court and counsel discussed, among other things, jury charges. Doc. 114.

### C. Jointly Proposed Pre-Trial Order

On June 22, 2015, the parties submitted to the Court their Proposed Pre-Trial Order. In numerous places within that document, the parties specifically addressed trial of this case before

a jury. Section 5 states that the "jury will be qualified as to relationship with the following[.]" *Pre-Trial Order* at 3. Section 10 discusses the "issues for determination by the jury[.]" *Id*. at 8. In a joint statement prepared by both FN and Clyde Armory, the parties told this Court that:

> The jury will decide which party has proved it owns priority of rights in a trademark incorporating the term "SCAR" by establishing that it was the first to use a distinctive (i.e., protectable) mark in commerce. To make this determination, the jury must determine (1) whether FN Herstal's "SCAR" mark and/or Clyde Armory's "SCAR-Stock" mark is inherently distinctive or acquired distinctiveness in the minds of the consuming public or whether such marks are merely descriptive, (2) if not merely descriptive, when each party's respective mark became distinctive, and (3) when each party first used its distinctive mark in commerce in the United States.

*Id*. at 8-9. On the heels of this statement, the parties then told the Court that:

> Neither party is seeking damages and the parties further agree that whichever party establishes its priority of rights will request to be entitled to the trademark registration(s) it has sought (and the other party denied the registration(s) it sought) and seek a permanent injunction against the other party.

*Id*. at 9.

Other references in the Proposed Pre-Trial Order to trial before a jury include: Section 14 discussion of whether "material undisputed facts … will be submitted to the jury at the beginning of trial" (*id*. at 9); Section 15 acknowledgment that the "pleadings will not be submitted to the jury" (*id*.); and Section 22 recognition that a "jury of twelve will be selected and all jurors shall participate in the verdict unless excused from service by the court" (*id*. at 11). Moreover, as noted in Section 20, the parties attached as Addenda to the Proposed Pre-Trial Order their proposed voir dire questions, jury charges, and verdict forms. *Id*. at 10 & Addenda B & C.

The language of the joint statements in the Proposed Pre-Trial Order was carefully negotiated by FN and Clyde Armory. The Proposed Pre-Trial Order contains no objection to trial of this case before a jury.

D. **Pre-Trial Conference**

On June 29, 2015, the Court conducted the final pre-trial conference for this case. The transcript of that proceeding reflects the Court's and the attorneys' clear understanding that trial would be conducted before a jury. Illustrative examples of this understanding include:

- A discussion of the details of the Proposed Pre-Trial Order, which includes the above-mentioned references to trial by jury. *See* June 29 Trans. at 4:13-24:25.

- A discussion of whether an injunction should issue as a matter of course after the jury renders its verdict. The Court stated: "Obviously the request here is for injunctive relief. And I just assumed that whoever wins this case, based on the issues and based on the verdict that the jury renders, I'm just going to enjoin the other party. Is that right? I mean, I see this as a matter of law as opposed to something the jury needs to do." *Id*. at 6:24-7:4

  Later, in that same discussion, the Court responds to FN's counsel's recitation of a number of issues for trial by stating that it "thought all these issues were simply for the jury[,]" (*id*. at 7:19-20), to which FN's counsel responded "[n]ot the injunction[,]" (*id*. at 7:21), implying that all other issues, e.g. priority of rights, were in fact for the jury to decide.

  Still later in that same discussion, the Court states: "So you're saying that whatever the jury may decide in this case may not be conclusive or binding on the Court in terms of the injunctive relief?" (*id*. at 8:3-5), to which FN's counsel responds "That's correct, Your honor. It's equitable relief[,]" (*id*. at 8:6-7), acknowledging that the issues of the case would be tried to a jury and the question of injunctive was for the Court.

- Jury Charges are discussed at 4:4-7.

- Proposed voir dire questions to the jury are discussed at 18:5-23:12.

- Jury selection is discussed at 23:14-24:16.

- Juror tendencies are discussed at 47:21-48:23.

- A question from FN's counsel about whether demonstrative summaries of evidence of record go back to the jury during deliberation is discussed at 64:22-24.

- Comments from FN's counsel regarding what arguments may be made to the jury are located, *inter alia*, at 38:2-6 and 39:19-40:2.

At no time during the pre-trial conference did FN raise an objection to a jury trial, or even question its propriety.

## II. ARGUMENT

### A. The Court is *Not Required* By Rule or Law to Grant FN's Motion.

FN asserts that, because the parties have agreed not to seek damages, no right to a jury trial exists. While this may be true, whether a right to jury trial exists in this case is not dispositive of FN's Motion. There is decidedly no right to a non-jury trial in cases where only equitable relief is sought, and FN is careful not to assert as much. "The Seventh Amendment provides that in suits at common law the right of trial by jury 'shall be preserved.'" 9 WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 2316, at 210 (3d ed. 2008). However, "[i]t does not say that it shall not be extended to cases not covered by the Seventh Amendment, and neither this amendment, nor any other provision of the Constitution, preserves any right to a trial without a jury in proceedings that were not suits at common law." *Id*. (emphasis added).

Moreover, where no right to a jury trial exists, the Court may still exercise its discretion to empanel a jury under Fed. R. Civ. P. 39(c). While Rule 39(c)(1) permits the Court to empanel an advisory jury to render a non-binding verdict, an action Clyde Armory does not advocate

here, Rule 39(c)(2) allows the Court, with the parties' consent, to empanel a jury to render a binding verdict on issues that do not carry with them a right to jury trial. As evident from the facts related above (and as discussed further below), the parties have <u>consented</u> to a jury trial, despite agreeing that the prevailing party will only seek an injunction.

In exercising its discretion to empanel a jury under Rule 39(c)(2), the Court should examine the nature of the *issues* to be presented, rather than focus solely on the relief sought. *See* 9 WRIGHT AND MILLER, *supra*, at 114 ("It is the issues, not the form of the case, that determine the method of trial."). There is often a fine distinction in trademark cases between the "claims" asserted by the parties, the "issues" to be determined at trial, and the "nature of relief" sought to be granted by the court. For example, trademark infringement is a legal issue for which the mark owner may seek both legal and equitable remedies. Seeking equitable remedies does not always negate the right to a jury trial, such as when the mark owner lays claim to an accounting of profits, an equitable remedy. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992). Under FN's theory, cases where the parties seek only an accounting of profits should be subject to a bench trial, but the Supreme Court has held that accounting of profit issues are to be determined by jury trial. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478-79 (1962).

Moreover, the Supreme Court recently re-affirmed the important role juries play in trademark cases, holding that "when a jury trial has been requested, and when the facts do not warrant entry of summary judgment or judgment as a matter of law, the question whether tacking is warranted must be decided by a jury." *Hana Financial, Inc. v. Hana Bank*, 135 S. Ct. 907, 911 (2015). The concept of "tacking" allows a mark owner to predate its actual date of first use of a mark in commerce by showing that it had previously used a mark that is the legal equivalent. *Id.* at 910. Although the Supreme Court acknowledged that tacking could be determined by judges,

7

it is apparent from the Court's opinion that, because the tacking issue is viewed from the perspective of the ordinary consumer, a jury is the more desired fact-finder. *Id*. at 909.

In this case, an important question is whether FN may predate its admitted date of actual first use in commerce under the theory of analogous use. Similar to tacking, analogous use permits a mark owner to predate its actual date of first use by showing recognition of its mark by consumers due to pre-sale promotional efforts followed by actual trademark use within a commercially reasonable period of time. *See* Doc. 109 (citing cases). Where analogous use is asserted, the key inquiry is whether the pre-sale promotional activities establish identification of the mark in mind of relevant consumers. *See T.A.B. Sys. v. PacTel Teletrac*, 77 F.3d 1372, 1375 (Fed. Cir. 1996). Thus, similar to tacking, the more appropriate fact-finder of the key analogous use issue in this case would be a jury.

In short, a jury trial is not required in this case, under the Seventh Amendment. But this does not mean that FN has a right to a *non-jury trial*. The Court should find that the issues to be determined at trial weigh in favor of empanelling a jury pursuant to Rule 39(c)(2).

### B. FN Consented to Trial by Jury.

"In an action not triable of right by a jury, the court, on motion or on its own: may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right …." FED. R. CIV. P. 39(c)(2); *see also Holland v. Gee*, 677 F.3d 1047, 1064, n.8 (11th Cir. 2006).

Consent need not be expressly given. *See Barry v. Carnival Corp.*, 424 F Supp. 2d 1354 (S.D. Fla. 2006) (Rule 39(c) authorizes trial by jury in admiralty case at parties' consent, even if there is no right to jury trial in first instance, and defendant's failure to indicate that it would withhold consent would satisfy Rule 39(c)'s consent requirement); *see also* 9 WRIGHT AND

MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 2333 at 297 (3d ed. 2008) ("For purposes of this rule, consent need not be express. If one party demands a jury, the other parties do not object, and the court orders trial to a jury, this will be regarded as a jury trial by consent.")(citing cases).

In *Stockton v. Altman*, 432 F.2d 946 (5th Cir. 1970), the appellate court found no error in the district court's conclusion that the parties had consented to trial by jury. *Id*. at 950. The district court found that "with the knowledge and acquiescence of all parties, [the case] was placed upon the jury docket more than six months before the actual commencement of the trial. Both the pretrial order and the supplemental pretrial order contemplated a jury trial of the contested issues of fact, and at the pretrial hearing it was agreed that the case would be submitted to a jury upon special interrogatories." *Id*.

While the objection to a jury trial in *Stockton* arose after receipt of the jury verdict, rather than on the eve of trial, as it does here, the Court should not find this fact a reason to distinguish *Stockton*. FN consented to a jury trial by virtue of its joining the Proposed Pre-Trial Order and participating in the final pre-trial conference, both of which contained numerous and repeated references illustrating the Court's and parties' understanding and agreement that there would be a jury trial in this case.

Moreover, the Proposed Pre-Trial Order constitutes the result of the parties' negotiation of the form of trial proceedings to resolve the disputed issues of this case. As such, the Proposed Pre-Trial Order reflects the partial settlement of the claims from the lawsuit as originally filed, such as the parties' damages claims. Submitting factual issues to a jury was part of the consideration for eliminating those claims. The conclusion that FN consented to a jury trial is further bolstered by the conduct of counsel at the final pre-trial conference, during which jury

9

issues were discussed at length and without any suggestion that a jury trial was objectionable.

FN now wants to renege on an essential aspect of the parties' resolution of the damage claims, i.e., submitting the factual dispute to a jury, under the guise that FN purportedly came to a post-hoc realization that no right to jury trial exists for this case. But, FN cannot claim ignorance here. It joined in a Proposed Pre-Trial Order informing the Court that neither party would seek damages and that both parties agreed to a jury trial. It participated in the final pre-trial conference with the same understanding. FN should not be permitted to disturb this clear understanding and agreement. Doing so will prejudice Clyde Armory, which entered into the Proposed Pre-Trial Order, and has prepared its case, under the clear understanding that there would be a jury.

### C. A Bench Trial is Not More Appropriate or Efficient than a Jury Trial.

The Court should find unavailing FN's attempt to convince the Court that a bench trial is preferable to a jury trial. First, while the Court did advise counsel that it values the jury's time and warned against the poor use of judicial resources, this statement was made for the purpose of promoting efficient trial management by counsel by eliminating unnecessary objections to exhibits. Doc. 128 at 56:12-24. Moreover, contrary to FN's apparent belief, the Rules of Evidence still apply during a bench trial. Evidentiary objections would still need to be worked out prior to, or during, a bench trial and efficient trial management by counsel would still be required. The parties' motions *in limine* will still need to be decided. And, contrary to FN's assertion, the parties will still be required to offer evidence on disputed facts. The Court cannot simply adopt the Parties' Statements of Undisputed Material Facts made in the context of summary judgment motions, as FN appears to allege.

Second, eliminating the jury may, but will not necessarily, shorten the duration of trial in any material respect. This is merely an assumption on FN's part. As stated above, counsel will still be required to manage trial efficiently whether a jury is present or not, the same witnesses will need to be called and the same exhibits will need to be introduced.

Third, eliminating the jury from trial may save time <u>during</u> trial with respect to voir dire, jury selection, jury instructions, and the jury verdict form. But that saved time, and more, will assuredly be lost again <u>after</u> trial, when the Court will be required to entertain and reconcile the parties' inevitable competing briefs regarding proposed findings of fact and conclusions of law, a task that has proven arduous in past bench trials.

Fourth, a bench trial will not necessarily alleviate the risk of legal and evidentiary confusion. If the Court's comment regarding FN's Motion in Limine (Doc. 123) is any indication (Doc. 128 at 33:13-19), confusion may still exist unless counsel does its job to make the issues in this case clear to the fact-finder, whether it be a judge or a jury. Moreover, FN's concern for risk of confusion is belied by the fact that it requested a jury trial in the first instance and agreed to a jury trial in the Proposed Pre-Trial Order and final pre-trial conference.

Fifth, FN offers purported concern for the preservation of confidential business information if the Court conducts a jury trial. But the Court has already acknowledged that confidential information would likely come out because a trial is public. *Id*. at 5:10-6:7. That fact does not change just because the Court conducts a bench trial rather than a jury trial. The trial will still be open to the public.

Sixth, FN offers a purported concern for the protection of third party witnesses against embarrassment with respect to impeachment on veracity if called to testify. But this purported concern is simply not relevant. If a third party witness comes into court and provides false

11

testimony to impugn the honesty of a party witness, the public nature of their impeachment should be of no concern to the Court. Moreover, the Court made clear in its summary judgment order that certain aspects of this case will require a credibility determination by the fact-finder regarding the expected conflicting testimony of Mr. Clyde and Mr. Smith regarding the origins of Clyde Armory's SCAR-Stock mark. *See* Doc. 109 at 36. Courts have long recognized the unique expertise of juries in judging credibility and character. Mr. Clyde welcomes the opportunity to have his credibility and character judged by a jury of his peers and to confront Mr. Smith, through counsel, regarding the veracity of his expected testimony before the jury.

The Court should find unpersuasive FN's purported rationale for conducting a bench trial rather than a jury trial in this case. None of FN's arguments establish with any force of reason that this case is better suited for trial to the bench rather than a jury. Nor do they overcome the clear conclusion that FN consented to a jury trial, and should not now be permitted to withdraw that consent.

## III. CONCLUSION

This case has been designated for jury trial. The Court set the jury trial date over three months ago. Both the Court and the parties have conducted pre-trial proceedings with the understanding that a jury would render a binding verdict in this case. The Court should not permit FN to disturb this well-settled understanding at this late stage. Nor should the Court be persuaded by FN's arguments suggesting that a bench trial will be more efficient and more appropriate than a jury trial in this case. Clyde Armory respectfully requests that the Court deny FN's Motion to Strike the Jury Demand and, instead, empanel a jury to render a binding verdict pursuant to Fed. R. Civ. P. 39(c).

Dated: July 8, 2015			Respectfully submitted,

**CLYDE ARMORY, INC.**

By: *s/Glenn D. Bellamy/*
Glenn D. Bellamy (*pro hac vice*)
Paul J. Linden (*pro hac vice*)
WOOD, HERRON, & EVANS, L.L.P.
441 Vine Street, 2700 Carew Tower
Cincinnati, Ohio 45202
(513) 241-2324

Michael C. Daniel (Ga. St. Bar No. 204237)
PRIOR, DANIEL & WILTSHIRE, LLC
490 North Milledge Avenue
Athens, Georgia 30601
(706) 543-0002

**Counsel for Defendant, Clyde Armory, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 8, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will electronically send notice of such filing to all counsel of record.

*s/Glenn D. Bellamy/*