# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

FN HERSTAL, S.A., :
:
    Plaintiff, :
v. :
: No. 3:12-CV-102 (CAR)
CLYDE ARMORY, INC., :
:
    Defendant. :
_____ :

## ORDER ON MOTION TO STRIKE JURY DEMAND

Before the Court is Plaintiff FN Herstal, S.A.'s Motion to Strike the Jury Demand [Doc. 127] filed pursuant to Federal Rule of Civil Procedure 39(a)(2). Therein, Plaintiff seeks an order striking both parties' jury demands and ordering that this case be tried before the Court.

During the pretrial conference held on June 29, 2015, the parties represented that they would not pursue damages on their trademark infringement claims; instead, the prevailing party would seek registration of its respective mark and an injunction against the opposing party. In the instant Motion, Plaintiff moves to strike the parties' jury demands because the only remaining claims are equitable in nature, and thus neither party is entitled to a jury trial. Defendant opposes the Motion, arguing that Plaintiff has consented to a trial by jury in this case by virtue of its submission of a

proposed pretrial order and its failure to object at the pretrial conference to a trial by jury.

It is well settled that no right to a jury trial exists when the claims at issue are purely equitable in nature.[1] Moreover, an injunction for trademark infringement is an equitable remedy.[2] Nevertheless, even when no right to a jury trial exists, Federal Rule of Civil Procedure 39(c) provides that a court, on motion or on its own, may (1) try the case with an advisory jury or (2) try the case before a jury with the consent of the parties.[3] Defendant argues that the second scenario applies here—namely, the parties have consented to a trial by jury. While that may have been true, a party may unilaterally withdraw its consent to a jury trial when there is no federal right to a trial by jury.[4] Here, Plaintiff unequivocally withdrew its consent by filing the instant motion to strike.[5]

While the Court understands that the parties have operated under the assumption that this case would be tried before a jury, the Court finds that Defendant

---

[1] *Ford v. Citizens & S. Nat. Bank, Cartersville*, 928 F.2d 1118, 1122 (11th Cir. 1991).

[2] *See* 15 U.S.C. § 1116(a) ("The several courts vested with jurisdiction of civil actions arising under this chapter shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable"); *Sheila's Shine Prods., Inc. v. Sheila Shine, Inc.*, 486 F.2d 114, 122 (5th Cir. 1973) ('[A]ction for injunctive relief relating to trademark infringement and unfair competition was equitable in nature.")

[3] Fed. R. Civ. P. 39(c).

[4] *See Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 968 (7th Cir. 2004) ("[T]here is no restraint in the text of Rule 39 on the ability of a party to withdraw its consent to a jury trial that is not of right."); *Alexander v. Chattahoochee Valley Cmty. Coll.*, 303 F. Supp. 2d 1289, 1291 (M.D. Ala. 2004) (noting that court could grant plaintiff's opposed motion to withdraw jury demand if she was not entitled to a jury trial).

[5] *Kramer*, 355 F.3d at 968.

will suffer no real prejudice from striking the jury demand at this juncture. The parties have ten days before the trial is scheduled to begin, and a bench trial will likely require less preparation than a jury trial.[6]

Because only equitable claims remain and the parties no longer consent to a jury trial as required by Rule 39(c), Plaintiff's Motion to Strike [Doc. 127] is hereby **GRANTED**. Accordingly, this case will be tried before the Court on July 20, 2015.

**SO ORDERED,** this 10th day of July, 2015.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

---

[6] *See CPI Plastics, Inc. v. USX Corp.*, 22 F. Supp. 2d 1373, 1378 (N.D. Ga. 1995) (holding that striking jury demand two weeks before trial provided ample time to permit parties to readjust presentation of evidence and emphasizing that a bench trial would require less preparation than a jury trial); *see also Kramer*, 355 F.3d at 968 (holding that a motion to strike jury demand filed two weeks before trial was not too late to withdraw consent to jury trial where opposing party provided no reason why she would prejudiced by a bench trial).