# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| FN HERSTAL, S.A., | : |
| Plaintiff, | : |
| v. | : |
| | : No. 3:12-CV-102 (CAR) |
| CLYDE ARMORY, INC., | : |
| Defendant. | : |

## ORDER ON MOTION TO AMEND THE PROPOSED PRETRIAL ORDER

Before the Court is Defendant Clyde Armory, Inc.'s Motion to Amend the Proposed Pretrial Order [Doc. 133]. Therein, Defendant seeks to withdraw its decision not to seek profits as redress for trademark infringement and restore its right to a jury trial. Plaintiff opposes the Motion. Having reviewed the parties' written briefs as well as the parties arguments made during the teleconference, the Defendant's Motion [Doc. 133] is **DENIED**.

The Court "is vested with broad discretion in determining whether or not a pretrial order should be modified or amended."[1] Given the facts of this case, the Court denies Defendant's request to amend for several reasons. First, in the proposed pretrial order submitted to the Court on June 22, 2015, Defendant expressly and unequivocally

---

[1] *Del Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 176, 178 (5th Cir. 1979); *see also Morro v. City of Birmingham*, 117 F.3d 508, 515 (11th Cir. 1997) ("[W]e ascribe to the trial court a broad discretion to preserve the integrity and purpose of the pretrial order").

stated it would not seek damages, only equitable relief.[2] Indeed, the parties received the Court's proposed pretrial order form on March 31, 2015, and submitted the completed proposed pretrial order on June 22, 2015. During those three months, Defendant never represented that it would seek profits or other damages. Then, at the pretrial conference, the parties reiterated that they would not seek damages, only equitable relief. Based on these repeated representations, the Court finds that Defendant has waived its right to seek profits at trial.[3]

Second, the Court finds that Plaintiff would be prejudiced if Defendant was permitted to insert a claim for profits with trial only a week away. To obtain the infringer's profits under the Lanham Act, the trademark holder must put forth evidence showing the infringer's sales.[4] The burden then shifts to the infringer "to prove its expenses and other deductions from gross sales."[5] Plaintiff represented that no discovery has been conducted with respect to these expenses and deductions. Additionally, more witnesses (e.g., accountants) would have to be called and new exhibits prepared. As such, the Court finds that allowing Defendant to proceed with a claim for profits when Plaintiff has not had the opportunity to conduct relevant discovery would be prejudicial.

---

[2] *See* Proposed Pretrial Order, p. 9.
[3] *Cf. Del Rio Distrib., Inc.*, 589 F.2d at 178 (finding that party waived state law antitrust laws by expressly abandoning them in the pretrial order).
[4] *Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1487 (11th Cir. 1987).
[5] *Id.*

Finally, it is unclear whether the proposed amendment to seek profits could revive Defendant's right to a trial by jury. "An accounting of profits has traditionally been classified as an equitable remedy."[6] Therefore, some courts have held there is no right to a jury trial based on a claim for accounting of profits.[7] On the other hand, other courts have held that an accounting of profits is more akin to a claim for monetary damages and thus gives right to a trial by jury.[8] Given this split of authority, is unclear whether Defendant's proposed amendment would provide Defendant with a right to a jury trial.

Based on the foregoing, Defendant's Motion to Amend the Proposed Pretrial Order [Doc. 133] is **DENIED**. This case will proceed to a bench trial scheduled to begin July 21, 2015.

**SO ORDERED,** this 14th day of July, 2015.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

---

[6] 5 *McCarthy on Trademarks and Unfair Competition* § 30:59 (4th ed. 2014) (quotation marks omitted).
[7] *See, e.g., Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015) ("A claim for disgorgement of profits under § 1117(a) is equitable, not legal."); *G.A. Modefine S.A. v. Burlington Coat Factory Warehouse Corp.*, 888 F. Supp. 44, 45 (S.D.N.Y. 1995) ("[I]in the trademark infringement context, the remedy of disgorgement of profits is equitable in nature.").
[8] *See, e.g., Alcan Int'l Ltd. v. S.A. Day Mfg. Co.*, 179 F.R.D. 398, 402 (W.D.N.Y. 1998) ("This type of remedy is fundamentally compensatory and legal in nature."); *Oxford Indus., Inc. v. Hartmarx Corp.*, No. 88 C 0322, 1990 WL 65792, at *7-8 (N.D. Ill. May 2, 1990) ("As a practical matter, an award of profits is really a surrogate for damages.").