IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| FN HERSTAL, S.A., | ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| | ) Case No. 3:12-CV-102 (CAR) |
| CLYDE ARMORY, INC., | ) ) |
| Defendant. | ) ) |

**PLAINTIFF FN HERSTAL'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR RECONSIDERATION**

Plaintiff FN Herstal, S.A. ("Herstal") hereby submits this Response in Opposition to Defendant Clyde Armory, Inc.'s ("Defendant" or "Clyde Armory") Motion for Reconsideration ("Motion"). The Court should deny Defendant's Motion for the reasons set forth below.

**I. INTRODUCTION**

Clyde Armory's Motion – which posits that this Court lacked the authority to grant Herstal's Motion for Attorneys' Fees – completely ignores the power of this Court to control its docket under Fed. R. Civ. P 6(b). The Motion also fails to show that the Court committed any legal error, which showing is required of motions for reconsideration. Clyde Armory's last-ditch effort to avoid the consequences of its intentional infringing conduct should therefore be denied.

This is not a case where Herstal failed to satisfy the timing requirements of Federal Rule 54(d)(2)(B)(iii) or Local Rule 54.1 and now needs to seek Rule 6(b)(1)(B) relief by showing "excusable neglect." *Compare* Fed. R. Civ. P. 6(b)(1)(B) *with* Fed. R. Civ. P. 6(b)(1)(A). Rather, this is a case where Herstal timely moved the Court for attorneys' fees, but, in the interest of efficiency and judicial economy and because Herstal had already been advised that Clyde Armory planned to appeal this Court's Final Order and Judgment in this case, "Herstal move[d] for leave to submit evidence on the fees incurred and the value and reasonableness of its counsel's services only if the Court determines that attorneys' fees

1

should be awarded." (Doc. 153 at 2 n.1). The Court properly granted that request, specifically stating in its Order granting an award of attorneys' fees: "In an effort to conserve judicial resources, FN moves for leave to submit evidence of the fees incurred only if the Court determines attorneys' fees should be awarded. The Court will stay this determination until the appeal process is complete." Doc. 174 at 5 n.5.

Accordingly, this Court acted well within its discretion in both granting Herstal's Motion for Attorneys' Fees *and* granting Herstal leave to submit the details of its fees at a later date.

## II. LEGAL STANDARD

A Local Rule 7.6 motion for reconsideration serves a "narrow purpose," primarily to "correct manifest errors of law or fact or to present newly discovered evidence that could not have been discovered at the time of the original motion." *Hicks v. Battle*, No. 5:03-cv-307 (CAR), 2007 WL 2746660, at *1 (M.D. Ga. Sept. 18, 2007) (internal quotation marks and citation omitted). Reconsideration is thus "appropriate only if the movant demonstrates that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Id*. Because the "narrow purpose" of L.R. 7.6 would not be served by granting Clyde Armory's Motion, it should be denied. Moreover, arguments raised in the Defendant's Motion for Reconsideration were previously presented to the Court in Defendant's response brief on attorneys' fees, Doc. 163, and were previously considered and rejected by the Court, with the Court staying further action on determining the amount of attorneys' fees until the appeal process is complete.

## III. ARGUMENT

Clyde Armory's Motion fails to allege either a change in the law or the discovery of any new evidence since the filing of its September 28, 2015 Opposition to Herstal's Motion for Attorneys' Fees. Doc. 163. Thus, it appears that the basis of Clyde Armory's Motion is that the Court committed a clear error of law in granting Herstal's request for leave to submit the amount of its attorneys' fees at a later date. There are, however, no clear errors of law to correct.

2

### A. Federal Rule 6(b)(1)(B)'s "Excusable Neglect" Standard Does Not Apply As Clyde Armory Contends

Rule 6(b)(1) provides in pertinent part that a district court may relieve a party from a rule's requirements:

> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of ***excusable neglect***.

Fed. R. Civ. P. 6(b)(1) (emphasis added). Thus, Rule 6(b)(1)(A) gives the district court discretion to enlarge time periods without a showing of excusable neglect if done prior to the expiration of the original time period. *See Ritter v. Smith*, 811 F. 2d 1398, 1403 (11th Cir. 1987) ("Fed. R. Civ. P. 6(b)(1) gives the district court discretion to enlarge time periods if done prior to the expiration of the original time period.").

Rule 6(b)(1)(A) applies here because Herstal moved the Court for attorneys' fees and sought partial relief from Federal Rule 54(d)(2)(B) and Local Rule 54.1 prior to the expiration of their respective time periods. This Court's Final Order and Judgment in this case were issued on August 20, 2015, *see* Docs. 151 and 152, and Herstal's Motion for Attorneys' Fees was filed within fourteen (14) days thereafter, on September 3, 2015, *see* Doc. 153. Herstal's Motion for Attorneys' Fees specifically stated:

> Herstal moves for leave to submit evidence on the fees incurred and the value and reasonableness of its counsel's services only if the Court determines that attorneys' fees should be awarded. Of course, if the Court prefers to consider submissions on the value of services at the same time as the issue of liability for fees, Herstal will promptly submit such evidence.

Doc. 153 at 2 n.1. Clyde Armory's reference to Rule 6(b)(1)(B)'s "excusable neglect" requirement is therefore a red herring and should be ignored.

None of the cases cited by Clyde Armory involved the application of Rule 6(b)(1)(A). Rather, all of the cases cited by Clyde Armory implicated Rule 6(b)(1)(B) and are therefore inapplicable. *Palmyra Park Hospital, Inc. v. Phoebe Putney Memorial Hospital, Inc.*, 688 F.Supp.2d 1356 (M.D. Ga. 2010)

(inapplicable as Rule 6(b)(1)(B)'s "excusable neglect" requirement was at issue because the defendant's motion was untimely); *Gryder v. Sec'y*, 545 Fed. Appx. 910 (11th Cir. 2013) (inapplicable where magistrate judge concluded that the plaintiff's motions for attorneys' fees were "untimely" under Rule 54(d)); *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005) (inapplicable where the court found that Amazon's motion was "untimely" and that Amazon "never made a motion under Rule 6(b)(2) . . . based on excusable neglect."); and *Sorenson v. Wolfson*, 2016 WL 1089386 (S.D. N.Y. March 22, 2016) (inapplicable because, unlike Herstal's Motion for Attorneys' Fees, Wolfson's motion did not seek relief before the applicable filing date under Rule 6(b)(1)(A), instead seeking relief under Rule 6(b)(1)(B) in its reply brief.)

### B. Using its discretion, the Court Properly Granted Herstal's Request

Clyde Armory's analysis of Fed. R. Civ. P. 54(d)(2)(B)(iii) and L.R. 54.1 ignores the plain language of Rule 54(d)(2)(B)(iii) and fails to account for Federal Rule 6(b)(1)(A), both of which permitted Herstal to "move[] for leave to submit evidence on the fees . . . only if the Court determines that attorneys' fees should be awarded." Doc. 153 at 2 n.1. First, Fed. R. Civ. P. 54(d)(2)(B)(iii) plainly states that "*[u]nless* a statute or a ***court order provides otherwise***," a motion for attorneys' fees must state the amount sought or provide a fair estimate of it. Clyde Armory's Motion neglects entirely the fact that Herstal sought, and the Court issued an Order, granting leave to submit the amount of fees at a later date. See Doc. 174 at 5 n. 5 (indicating the Court "will stay this determination until the appeal process is complete.").[1] Because this Court issued an Order staying the ordinary requirement to submit the amount of fees with Herstal's motion, the Court acted well within its discretion. *E.g.*, *Edwards v. Shalala*, 846 F. Supp. 997, 998 n.2 (N.D. Ga. 1994), *aff'd,* 64 F.3d 601 (11th Cir. 1995) ("[T]he court, in its discretion, may waive a Local Rule."); *Stubbs v. Bank of Am.*, 844 F. Supp. 2d 1267, 1268 (N.D. Ga. 2012) (same);

---

[1] The Court stayed further action on determining the amount of attorneys' fees to be awarded pending the resolution of the appeal process and has not yet provided the procedure or scheduled briefing for determining and resolving the amount of fees to be awarded. At the November 1, 2016 hearing the Court could consider if it is now appropriate to lift the stay given the present status of the appeal process.

*Marks v. Landstar Ligon, Inc.*, No. 1:06CV2361 RLV, 2007 WL 1810141, at *1 (N.D. Ga. June 18, 2007) (same); *see also Hampton v. Atzert*, 590 Fed. App'x 942, 944 (11th Cir. 2014) (District courts have "broad discretion to overlook … noncompliance" with local rules); *Fils v. City of Aventura*, 647 F.3d 1272, 1282–83 (11th Cir. 2011) ("Although the Plaintiffs' submissions did not comply with the letter of the Local Rule, they were sufficient for the district court, which is good enough for this court.").

Second, because Rule 6(b)(1)(A) "contains no limitation of time within which the court may exercise its discretion," this Court's Order allowing Herstal to later submit the amount of its fees was proper. *See* Advisory Committee's Note to Amendment to Rule 6. *National Association of Home Builders v. Defenders of Wildlife ("NAHB")*, 551 U.S. 644 (2007), a case cited by Clyde Armory for the proposition that use of "shall" before a list of items indicates that the action is mandatory, does not say otherwise.[2] Instead, this case stands for the well-understood notion that a district court's discretionary power is only limited if the statute or rule at issue directs or controls the district court's action. *See*, *e.g. U.S. v. Wingo*, 789 F. 3d 1226, 1235-36 (11th Cir. 2015) (construing 18 U.S.C. § 4241(a), which "sets forth the **procedures for a federal court to follow** once it has reason to believe that a defendant may be incompetent to proceed to trial or to be convicted") (emphasis added). Here, the rules at issue direct the parties' actions, <u>not</u> the Court's. *See* Fed. R. Civ. P. 54(d)(2)(B) and L.R. 54.1. Rule 6(b)(1) explicitly grants district courts discretion to enlarge time periods. *See Ritter*, 811 F. 2d at 1403. Accordingly, the Court properly exercised its discretion in granting Herstal's Motion for Attorneys' Fees.

**IV.　CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for Reconsideration.

---

[2] *NAHB* involved a determination of whether the EPA has the discretion not to transfer certain powers to state authorities under 33 U.S.C. § 1342(b) if the nine specified criteria under that statute were met; the Court concluded that the EPA did not. 127 S.Ct. at 2531-32 ("Section 402(b) of the CWA provides, without qualification, that **the EPA "shall approve" a transfer application** unless it determines that the State lacks adequate authority to perform the nine functions specified in the section.") (emphasis added). *NAHB* did not address Rule 6(b) as Clyde Armory contends.

5

Dated: October 24, 2016

                                      Respectfully submitted,

                                      /s/ Burton S. Ehrlich
                                      Burton S. Ehrlich
                                      LADAS & PARRY LLP
                                      224 S. Michigan Avenue
                                      Suite 1600
                                      Chicago, Illinois 60604
                                      Telephone: (312) 427−1300
                                      Email: burte@ladas.net


                                      Charles H. Hooker III
                                      Georgia Bar No. 375622
                                      Jennifer Fairbairn Deal
                                      Georgia Bar No. 940527
                                      KILPATRICK TOWNSEND &
                                      STOCKTON LLP
                                      1100 Peachtree Street, N.E.
                                      Suite 2800
                                      Atlanta, Georgia 30309
                                      Telephone: (404) 815-6376
                                      Email: chooker@kilpatricktownsend.com

                                      *Attorneys for Plaintiff/Counterclaim-Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| FN HERSTAL, S.A., <br><br> Plaintiff, <br><br> v. <br><br> CLYDE ARMORY, INC., <br><br> Defendant. | Case No. 3:12-CV-102 (CAR) |

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 24, 2016, I served the foregoing PLAINTIFF FN HERSTAL'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION by filing a true and correct copy of the foregoing using the Court's CM/ECF system which will electronically send notice of such filing to all counsel of record.

    Respectfully submitted,

    /s/ Burton S. Ehrlich
    Burton S. Ehrlich
    LADAS & PARRY LLP
    224 S. Michigan Avenue
    Suite 1600
    Chicago, Illinois 60604
    Telephone: (312) 427−1300
    Email: burte@ladas.net

    *Attorney for Plaintiff FN Herstal, S.A.*