**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **FN HERSTAL, S.A.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **NO. 3:12-CV-102 (CAR)** |
| | : | |
| **CLYDE ARMORY, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

Before the Court is Defendant Clyde Armory, Inc.'s ("Clyde Armory") Motion for Reconsideration of this Court's Order [Doc. 174] granting Plaintiff FN Herstal, S.A.'s ("FN") Motion for Attorneys' Fees.  In that Order, the Court found this case was an exceptional case under the Lanham Act and, thus, awarded FN reasonable attorneys' fees. Clyde Armory now requests this Court reconsider its findings pursuant to Local Rule 7.6. As explained below, Clyde Armory's Motion for Reconsideration [Doc. 177] is **DENIED**.

## BACKGROUND

In 2015, after a Bench Trial, this Court found FN has superior trademark rights in the SCAR mark and entered judgment in favor of FN on all claims, including trademark infringement, unfair competition under federal law, and related state law claims.[1] Generally, the Court ordered Clyde Armory to cease all use of the SCAR or SCAR-Stock

---

[1] *See* Bench Trial Order, [Doc. 151] at p. 2-13.

marks.[2]  After final judgment was entered, FN filed a Motion for Attorneys' Fees, claiming Clyde Armory's bad faith conduct in intentionally copying FN's mark warrants an award of attorneys' fees.  Additionally, in an effort to conserve judicial resources, FN moved for leave to submit evidence of the fees incurred only if the Court determined attorneys' fees should be awarded.  Subsequently, Clyde Armory filed an appeal with the Eleventh Circuit Court of Appeals, as well as a Motion to Modify the Injunction with this Court.[3]

On September 27, 2016, the Court found, based on ample evidence showing Clyde Armory adopted the SCAR-Stock mark in bad faith this, case was an exceptional case under the Lanham Act and awarded FN reasonable attorneys' fees.  The Court also granted FN's request to submit evidence of the attorneys' fees incurred at a later date and stayed determination of the amount to be awarded until the Eleventh Circuit determined Clyde Armory's pending appeal.[4]

Now, Clyde Armory moves for reconsideration of the Court's decision to award reasonable attorneys' fees, arguing FN is not entitled to attorneys' fees because it failed to

---

[2] *See id*. at 32-34 (ordering Clyde Armory to (1) cease any use of the SCAR or SCAR-Stock marks; (2) abandon any trademark applications for these marks; (3) assign any domain names including these marks to FN; (4) dismiss with prejudice its Cancellation Petition and Opposition Petition against FN's Registration for these marks; (5) deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, or other materials in its control that display the marks; and (6) within sixty days of the Court's order, file a report setting forth the manner and form of its compliance with the order).

[3] In response to the Motion to Modify, FN filed a Motion for Contempt for Clyde Armory's failure to comply with the Court's injunction.

[4] [Doc. 174] at p. 1-9, 19.  The Court also denied in part and granted in part FN's Motion for Contempt and Clyde Armory's Motion to Modify the Injunction. *See id*.  Later the same day, the Eleventh Circuit issued an opinion affirming this Court on all issues raised on appeal. *See FN Herstal SA v. Clyde Armory, Inc.*, __ F.3d __, 2016 WL 5390341 (11th Cir. Sept. 27, 2016).

comply with Federal Rule of Civil Procedure 54(d)(2)(B)(iii) and Local Rule 54.1.

## STANDARD OF REVIEW

Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[5]  "Reconsideration is appropriate 'only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law.'"[6]  "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined.  Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."[7]  Ultimately, "[w]hether to grant a motion for reconsideration is within the sound discretion of the district court."[8]

## DISCUSSION

Clyde Armory contends the Court should have denied the Motion for Attorneys' Fees because FN failed to comply with Rule 54(d)(2)(B)(iii) and Local Rule 54.1 and present an estimate of reasonable attorneys' fees sought.  Thus, it appears Clyde Armory is arguing the Court committed a clear error of law in granting FN's request for leave to submit evidence of the amount of attorneys' fees at a later date.  However, FN argues it is

---

[5] M.D. Ga., L.R. 7.6.

[6] *Bingham v. Nelson*, No. 5:08-CV-246 (CAR), 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (quoting *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997)).

[7] *Am. Ass'n of People with Disabilities v. Hood*, 278 F.Supp.2d 1337, 1340 (M.D. Fla. 2003) (internal citations and quotation marks omitted).

[8] *Hankerson v. Drew*, No. 1:13–cv–1790–WSD, 2014 WL 2808218, at *3 (N.D. Ga. June 20, 2014) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock,* 993 F.2d 800, 805-806 (11th Cir. 1993)).

within the Court's discretion to extend the specified time limit for submitting the amount of attorneys' fees sought because the request was made prior to the applicable deadline. The Court agrees.

In general, a motion for attorneys' fees must be filed within fourteen days of the court's entry of judgment and should include an estimate of the reasonable attorneys' fees sought with evidence to support that amount.[9]  However, Federal Rule of Civil Procedure 6(b)(1)(A) specifically allows the Court to extend any specified time or deadline, for good cause, if the request is made before the original time or its extension expires.[10]

In this case, in the Motion for Attorneys' fees, FN also moved "for leave to submit evidence on the fees incurred and the value and reasonableness of its counsel's services only if the Court determines that attorneys' fees should be awarded."[11]  FN agreed to promptly submit such evidence "if the Court prefer[ed] to consider submissions on the value of services at the same time as the issue of liability for fees."[12]  FN's request was

---

[9] *See* Fed. R. Civ. P. 54(d)(2)(B) ("Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made."); M.D. Ga., L.R. 54.1 ("All motions for attorney's fees when filed shall include the following: (1) An itemized bill in which all segments of time are identified as to the nature of the work performed; (2) A breakdown of time for each attorney working on the case; (3) The hourly rate applicable and an explanation of how that hourly rate was arrived at; and (4) A certification by the requesting attorneys that the work performed was reasonably necessary to the preparation and presentation of the case.").
[10] Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires.").
[11] Pl.'s Mtn. for Attorneys' Fees, [Doc. 153] at p. 1 n.1.
[12] *Id.*

4

made in an effort to conserve judicial resources and in the interest of efficiency. Furthermore, the request was submitted before the time for the Motion for Attorneys' Fees expired. Thus, under Rule 6(b)(1)(A), it was well within the Court's discretion to extend the time for FN to submit an estimate of reasonable attorneys' fees until Clyde Armory's pending appeal was complete.

Therefore, the Court finds Plaintiff fails to establish the requisite showing that the law has changed, new evidence has been discovered, the Court made a clear error of law, or the Order was manifestly unjust. Accordingly, Plaintiff's Motion for Reconsideration [Doc. 177] is **DENIED**.

**SO ORDERED**, this 31st day of October, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

CML/ssh